184 So.2d 577 (1966)
Aaron V. WHITTINGTON
v.
Mrs. Julia T. LEVY, United States Fire Insurance Company, New Amsterdam Casualty Company and Sam Albano.
Joseph E. MUSMECI
v.
Mrs. Julia T. LEVY, United States Fire Insurance Company, New Amsterdam Casualty Company and Sam Albano.
No. 2085.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1966.
Rehearing Denied April 4, 1966.
Clifton S. Carl, New Orleans, for Aaron V. Whittington and Joseph E. Musmeci, appellants.
*578 Curtis R. Boisfontaine, New Orleans, for Mrs. Julia T. Levy and United States Fire Ins. Co., appellees.
Lemle & Kelleher, Carl J. Schumacher, Jr., New Orleans, for New Amsterdam Casualty Co., appellee.
Maurice E. Landrieu, New Orleans, for Sam Albano, appellee.
Before McBRIDE, HALL and JANVIER, JJ.
HALL, Judge.
Joseph E. Musmeci and Aaron V. Whittington filed separate suits for damages for gunshot wounds received by them in an altercation which began in "Albano's Lounge" located at 1411 St. Charles Avenue in New Orleans and ended in the "Bambino Lounge" located next door at 1417 St. Charles Avenue. Each of the plaintiffs sued Sam Albano, owner and operator of Albano's Lounge, who fired the shot; New Amsterdam Casualty Company, Albano's insurer under an Owner, Landlord and Tenant policy; Mrs. Julia T. Levy, owner of the Bambino Lounge and United States Fire Insurance Company, her insurer under an Owner, Landlord and Tenant policy.
New Amsterdam Casualty Company refused to defend Albano under its Owner, Landlord and Tenant policy on the ground that the policy did not afford protection against the incident complained of.
Albano reconvened against both plaintiffs for injuries received by him in the altercation, and filed a cross-claim against his own insurer for damages for failure to defend him. He also filed a cross-claim in the Whittington suit against Mrs. Julia T. Levy, her insurer, and Musmeci seeking to hold them liable in solido with him should he be cast in favor of Whittington.
The two cases were consolidated for trial and trial on the merits resulted in judgments dismissing the demands of both plaintiffs, dismissing Albano's reconventional demands, and also dismissing all cross-suits. The two plaintiffs, Musmeci and Whittington appealed. The defendant, Albano, also appealed. The appeals were lodged together in this Court and argued as one appeal.
This case presents in greater part only questions of fact. Although there is some dispute as to certain of the facts, from our analysis of the testimony we find them to be as follows:
Sam Albano was the owner and operator of Albano's Lounge located at 1411 St. Charles Avenue in New Orleans. Mrs. Julia T. Levy was the owner of the Bambino Lounge, at 1417 St. Charles Avenue, immediately adjacent to Albano's lounge. All witnesses agree that the 1400 block of St. Charles Avenue in which five barrooms are located is a rough section. Musmeci was a friend of Albano and a frequent and steady customer of his bar. Sometime after midnight of December 23, 1964, Musmeci arrived at Albano's Lounge after having made a round of several other barrooms. He ordered a drink and gave the barmaid $1.00. Upon receiving his change, he complained that he had given her $10.00 and became loud and vulgar. Albano, who was in the storeroom at the time, came out to check into the disturbance, and after listening to Musmeci's complaint, checked the register to see if a mistake had been made. Although the register checked out correctly, Musmeci kept up the disturbance. Finally Albano took $10.00 from his pocket, gave it to Musmeci and told him to leave. Musmeci left and proceeded next door to the Bambino Lounge where he resumed his drinking.
Shortly thereafter, Aaron Whittington, a friend of both Musmeci and Albano, and a frequent customer of both bars, entered Albano's Lounge and told Albano that Musmeci wanted to see him outside. Albano stepped outside with Whittingtion who then told him that Musmeci was in the Bambino Lounge. Whittington entered the Bambino and walked to the music box. Albano entered right behind him and seeing Musmeci sitting at the bar walked up to him and asked Musmeci if he wanted to see him. Musmeci *579 said yes and struck Albano in the face. Albano drew a blackjack and hit Musmeci on the head and knocked him to the floor. Musmeci struggled to his feet and was preparing to attack Albano, when Albano, who had lost his blackjack, drew a pistol and shot Musmeci in the fleshy part of his leg. Apparently the same shot in some manner hit Whittington in the foot because only one shot was fired.
We find that Musmeci sent Whittington to summon Albano to the Bambino Lounge so that he might beat him up and that Whittington knew when he summoned Albano that that was the purpose of the summons. Albano testified that after being felled by the blackjack Musmeci arose and came at him with a bar stool. Musmeci denied that he had a bar stool in his hands but frankly boasted that he never quit a fight and that he was "going after" Albano when Albano shot him.
Musmeci was a violent man and had a reputation as such even in the rough area where this incident occurred. He admitted to having had many fights and admitted that the scars on his face and hands resulted from various fights in which he had been hit with a cue stick, a heavy pipe, a coke bottle, a punch, and various other objects, and that a number of scars on his hands were caused by punching people. He acknowledged punching women and by being shot by his wife. He also admitted pleading guilty to aggravated battery with a knife, and had no idea how many times he had been convicted for disturbing the peace by fighting.
There is no suggestion in the record that Albano armed himself before going to the Bambino Lounge. On the contrary the testimony shows that he had the blackjack and pistol on his person when Whittington came to get him. He explained this by stating that this was his "stock day" and that he always kept himself armed on those days.
There is no doubt but that Musmeci provoked the fight. However counsel for Musmeci contends that even if Musmeci was at fault in provoking the fight Albano used excessive force in defending himself and therefore Musmeci is entitled to recover, citing Bethley v. Cochrane, La.App., 77 So.2d 228 and other cases in support of his contention.
Ordinarily a person is not justified in using excessive force in repelling an attack. However each case depends upon its own peculiar facts and under the circumstances of this case and in the light of Musmeci's character and reputation we are of the opinion that the Trial Judge committed no manifest error in finding Albano's actions to have been justifiable. (See McKellar v. Mason, La.App., 159 So.2d 700; Smith v. Delery, 238 La. 180, 114 So.2d 857; Patterson v. Kuntz, La.App., 28 So.2d 278.)
The record shows that Musmeci sent Whittington to get Albano so that he might "beat his _____". Whittington lured Albano into the Bambino Lounge where Musmeci was waiting to accomplish his purpose. Whittington was no innocent bystander but was an accessory and assisted Musmeci in his unlawful intentions, and his right to recover cannot rise above those of Musmeci. (See LSA-C.C. 2324)
Even if Whittington had been an innocent bystander he could not recover from Albano because the latter acted reasonably in repelling the assault of Musmeci.
"If, in defending himself, the defendant accidentally shoots a stranger, there is no liability in the absence of some negligence, and on the issue of negligence, the necessity of defending against the assailant must be considered in determining whether he has acted reasonably. The same policy which gives the defendant the privilege of acting under a reasonable mistake, protects him in such a case." Prosser on Torts 2d Ed. p. 91.
We find no error in the dismissal of the suits against Mrs. Julia T. Levy, *580 owner of the Bambino Lounge, and her insurer, United States Fire Insurance Company. Mrs. Levy and her insurer were sued for negligent failure on the part of Mrs. Levy to maintain a safe place of business, and failure to prevent and/or quell the altercation "which Sam Albano instigated" which resulted in injuries to plaintiffs both of whom were paying customers in Mrs. Levy's bar. The evidence does not reflect any negligence on the part of Mrs. Levy or her employees. It reveals that the altercations commenced so rapidly that it could not have been prevented by the bartender or anyone else, and once started it could not have been stopped.
New Amsterdam Casualty Company, Albano's insurer, was sued by both plaintiffs on the theory that its policy obligated it "to indemnify anyone who might be injured through the wrongdoing of Sam Albano in shooting" plaintiffs. The policy in question was issued to "Sam Albano, 1411 St. Charles Avenue, New Orleans, La." and obligates the insurer:
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the hazards hereinafter defined." (Emphasis supplied.)
The hazard covered by the policy is "Premises-Operations" of a lounge at 1411 St. Charles Avenue, New Orleans, La. "Premises-Operations" is defined by the policy to mean: "The ownership, maintenance or use of the premises, and all operations necessary or incidental thereto." "Premises" according to the terms of the policy "means the premises designated in the declarations and includes the ways immediately adjoining on land."
Since in our opinion Sam Albano is not legally obligated to pay damages for the injuries sustained by plaintiffs the two suits as to his insurer must fall.
We have for consideration in connection with this same policy Albano's claim against his insurer for failure to defend the suits filed against him. New Amsterdam Casualty Company obligated itself to defend Albano only against suits alleging an injury covered by the policy. Neither of the suits alleged an accident on the premises 1411 St. Charles Avenue or the ways immediately adjoining. Nor was any injury alleged which arose out of the ownership, maintenance or use of such premises or any operations incidental thereto. We are of the opinion that New Amsterdam Casualty Company was well within its right to refuse to defend the two suits.
Finally we have Albano's cross-claim against Mrs. Levy, her insurer, and Musmeci; and his reconventional demands against both plaintiffs. Having found no liability on Albano's part, the cross-claim falls.
As to Albano's reconventional demands we find that he offered no proof of damage in connection therewith and his own participation in the brawl would preclude any recovery from plaintiffs.
For the foregoing reasons the judgments appealed from are affirmed in all respects; costs of all appeals herein to be borne in equal proportions by Joseph E. Musmeci and Aaron V. Whittington.
Affirmed.