185 So.2d 639 (1966)
Edgar J. MUT, Plaintiff-Appellant,
v.
L. Richard ROY et al., Defendant-Appellee.
No. 6610.
Court of Appeal of Louisiana, First Circuit.
April 4, 1966.
Rehearing Denied May 9, 1966.
Richard C. Cadwallader, Baton Rouge, for appellant.
J. J. McKernan, of Brown, McKernan & Ingram, Tilton & Whalen, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
BAILES, Judge.
Herein Edgar J. Mut, plaintiff-appellant, sued L. Richard Roy and his brother, Norbert Roy, to recover damages allegedly inflicted in an assault and battery committed on his person on the early morning of Sunday, May 12, 1963, at the Candlelight Inn in West Baton Rouge Parish, Louisiana. Norbert Roy was never cited herein because shortly after the alleged assault and battery and prior to the filing of this suit he became a non-resident of this state.
*640 After trial, the lower court rendered judgment rejecting the demands of the plaintiff at his costs. From this judgment plaintiff appeals.
Plaintiff alleged he, accompanied by his wife, while a customer in the Candlelight Inn between the hours of 1:00 and 2:00 a. m. on May 12, 1963, was wilfully, maliciously and wrongfully assaulted and battered by defendant, L. Richard Roy and his brother, Norbert Roy. He alleged his injuries included a laceration of the right ear, broken nasal bones, lacerations of the oral cavity, a concussion of the brain, continuing headaches, severe cuts, contusions and lacerations about his face and body. He further alleged he was a patient at Baton Rouge General Hospital on May 12, 1963, and in Our Lady of the Lake Hospital from May 14, 1963 through May 16, 1963, during which latter period of hospitalization he underwent surgery on his nose.
He itemized his claim totalling the sum of $26,025 to include hospital and medical expenses, dentist and physician services, physical pain and suffering, mental anguish and pain, embarrassment and humiliation, permanent injuries, loss of wages and loss of personal clothing.
The defendant filed what was tantamount to a general denial, and on further answering alleged if defendant did strike plaintiff the striking was provoked by plaintiff who he alleges was the aggressor. It is further defendant's contention he acted in self-defense, and as plaintiff struck the first blow, Edgar J. Mut assumed the risk of any and all consequences.
The trial judge found plaintiff was the aggressor and therefore cannot recover from defendant, L. Richard Roy for the injuries he received when struck by Mr. Roy. He further was of the opinion most, if not all, of the damage to plaintiff was caused by blows he received from Norbert Roy, "who had no business whatsoever being involved in the fight * * *." The trial judge found these two persons were not joint tortfeasors "such as would render Mr. Richard Roy liable for damages done by Mr. Norbert Roy."
About an hour, or less, before this attack on Mr. Mut, he, his wife and her sister entered the Candlelight Inn where they took seats at the bar. The witnesses who saw them testified they were quiet, well behaved and apparently enjoying the company of each other. Mr. Mut was seated between his wife and sister-in-law with his wife occupying the bar stool to his left. The evidence shows the defendant approached Mrs. Mut on her left and made some remark which caused her to ask him to go away and leave her alone or not bother her. Instead of complying with her request, defendant moved to a position between her and her husband. During this time Mr. Mut was talking to his sister-in-law and a Mr. Rabenhorst. Upon the defendant moving in between plaintiff and his wife, defendant told Mrs. Mut "you don't have anything I want." When defendant said this to Mrs. Mut, plaintiff asked defendant to go on away. At this point plaintiff made a movement as though to arise from the stool on which he was seated. Mrs. Mut placed her hand on her husband's arm and requested there be no trouble.
Instantly and while plaintiff was seated on the stool, defendant struck plaintiff. As plaintiff started to arise from the stool he was struck again and knocked to the floor. It was then Norbert Roy entered the attack. From the testimony of the witnesses present, and who testified, it was shown unquestionably as a fact both Richard Roy and Norbert Roy struck plaintiff successively and simultaneously about the face, head and body. Both were seen bending over plaintiff hitting him. When the bystanders were successful in pulling defendant and Norbert Roy off the plaintiff he was utterly helpless, unable to arise or stand alone and bleeding profusely from his wounds. While supported by a person on each side and preparatory to administering aid to the overwhelmed and helpless plaintiff, Norbert Roy, a man apparently of much physical strength and endurance, a professional *641 football player, struck plaintiff a terrific and vicious uppercut to his mouth, inflicting further physical injury to plaintiff. In this attack, plaintiff's dentures were broken and his mouth lacerated.
From the testimony of the disinterested witnesses, it is abundantly clear to us the defendant provoked the meeting between the parties, struck the first blow, then proceeded, with the aid, assistance and help of his brother, Norbert Roy to administer the provoked, unwarranted, unlawful and relentless beating of the plaintiff.
Even assuming for the purpose of argument, the plaintiff was the aggressor, as found by the trial court, Mr. Mut is entitled to recover from the defendant. There is no showing whatever the plaintiff struck even one blow. The defendant and his brother, Norbert Roy, used force far in excess of what would have been reasonable and necessary under the circumstances. The evidence shows beyond any dispute of fact the attack on the plaintiff was vicious, cruel and brutal. The defendant is responsible for the injuries to plaintiff and the resulting damages. See Bethley v. Cochrane (La.App., 1955) 77 So.2d 228; Brazil v. McCray (La.App., 1957) 96 So.2d 887; Wilson v. Dimitri (La.App., 1962) 138 So.2d 618; McKellar v. Mason (La. App., 1964) 159 So.2d 700; Tezeno v. Maryland Casualty Company (La.App., 1964) 166 So.2d 351.
The physician who administered treatment to Mr. Mut at the Baton Rouge General Hospital shortly after the occurrence stated he found the following injuries:
1. A laceration through the cartilage of the ear involving approximately the lower one-third;
2. Large contused areas beneath the left eye;
3. Laceration of lips and broken dentures;
4. Comminuted fracture of the nose;
5. Abrasions of the lips and left side of face.
On the question of whether there is liability in solido between defendant, L. Richard Roy and his brother, Norbert Roy for their wrongful action, we find LSA-C.C. Article 2324 applicable.
This article provides:
"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."
The defendant was engaged in an unlawful act and Norbert Roy assisted and encouraged him, and each other, in the commission of this act, thereby under this article of the code, defendant is liable for the acts of his assister, Norbert Roy. There was but one attack on the plaintiff, one composite injury and one in solido liability. As shown supra, defendant and his brother alternated in striking the plaintiff as well as inflicting blows at the same time. The provisions of Article 2324 are applicable and controlling. See Knott v. Litton (La. App., 1955) 81 So.2d 124; Wallace v. Miller (1860) 15 La.Ann. 449; and Irwin v. Scribner (1860) 15 La.Ann. 583.
The record supports the plaintiff's claim for damages. It appears Mr. Mut lost eight and one-half working days from his job. His regular work week was five and one-half days and his average weekly earnings were $125.00 or the equivalent of approximately $23 per day. For loss of time he is entitled to $195.50. The medical expenses amount to the following: dentist $250; physicians $220; hospitals $147.30. Claim for loss of articles of clothing is denied for lack of proof.
There can be no doubt the plaintiff was seriously and painfully injured in this assault and battery. The principal injuries were substantially healed within six weeks, however he suffered severe headaches for a prolonged period of time. He *642 was required to be on a soft diet for about one month because of the replacement of the broken dentures. He has a permanent disfiguring scar on his ear and nose. We believe an award of $7,500 for plaintiff's physical pain and suffering, mental pain and suffering, humiliation and disfigurement is both adequate and fair, in addition to the special damages of $812.80.
For the foregoing reasons the judgment of the trial court is reversed, and there is judgment herein in favor of plaintiff, Edgar J. Mut and against L. Richard Roy in the full sum of $8,312.80, together with interest thereon from judicial demand until paid, and for all costs of court.
Reversed and rendered.