188 So.2d 189 (1966)
Ernest J. BAUMAN, Sr.
v.
Roderick G. HEAUSLER.
No. 2280.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1966.
Rehearing Denied July 5, 1966.
*190 J. Joseph Blotner, Gretna, for plaintiff-appellee.
Richard A. Dowling, New Orleans, for defendant-appellant.
Before REGAN, YARRUT and BARNETTE, JJ.
BARNETTE, Judge.
This is a suit for damages for personal injuries sustained by plaintiff as a result of a battery committed upon him by defendant. The battery is admitted, but defendant seeks to justify his action on the ground that he was defending his small son whom he believed to be in danger of physical harm from plaintiff. There was judgment for plaintiff awarding damages in the sum of $3,901.05$2,000 of which was for pain and suffering and the balance was for special damages. From that judgment defendant has appealed.
Plaintiff and defendant were near neighbors. Plaintiff's son was 10 years old and defendant's son was 12 years of age. The difference in age was offset by the fact that plaintiff's son was somewhat larger than defendant's son. These two small boys had had some physical encounters prior to the incident in question, and each had complained of the other to his parents.
On the day in question plaintiff's child reported that he was being annoyed by defendant's son, whereupon plaintiff determined to bring the matter to an end and directed his son to go back and "fight." There is no doubt that plaintiff did encourage, if not precipitate, the fight out of which the incident giving rise to this suit arose.
As the fight between the small boys proceeded on the street in front of plaintiff's house, defendant's son appeared to be getting the best of it and had plaintiff's son down. At this point plaintiff Bauman, who had been watching from his porch, intervened and, according to a preponderance of the evidence, did no more than attempt *191 to make the Heausler boy get up off his son and continue the fight in a standing position. He probably used some profanity, which we think had little or no bearing on the battery which followed.
In the excitement which such an incident can set off on an otherwise quiet Sunday morning, the attention of Mrs. Heausler, defendant's wife, was drawn to the scene, and a neighbor motioned or called to her to come. She alerted her husband, who was inside the house, and he came running to the scene of the disturbance. A bystander said to him "you'd better hurry up," and, in his own words, he kicked off his slippers and started to run. His wife was running along with him. At this point there is some conflict of testimony whether or not plaintiff was "hovering" over defendant's son or if he was holding him. The preponderance of testimony supports the finding of fact by the trial judge that when defendant arrived on the scene he should have seen that his son was in no immediate danger. The testimony does not support a conclusion that at any time plaintiff assaulted, struck or physically abused the Heausler child, though he did encourage his son to fight him.
The defendant rushed upon the scene; and, without taking time to determine the facts, came upon plaintiff from behind, grabbed his shoulder, turned him around, and struck him one severe blow in the face with his left fist. The blow knocked plaintiff down, and he fell on his face, unconscious. Witnesses described it as falling flat like a tree as distinguished from a crumple, or collapse. While plaintiff was lying face down, unconscious, defendant kicked him with an obviously severe blow in the back or side with his shoeless foot. This fact is amply supported by the witnesses and the hospital report that the injury to plaintiff was caused by a "blunt trauma."
Defendant's battery upon plaintiff was in anger and was not an act of a prudent, reasonable person. There was no justification for the battery from the standpoint of civil liability. We agree with the trial judge who said: "* * * the Court is of the opinion that the defendant was not using the reasonable judgment or prudence expected of the ordinary man, and is responsible for his tortious actions."
Counsel for defendant cites LSA-C.C. art. 236, which reads as follows:
"Fathers and mothers may justify themselves in an action begun against them for assault and battery, if they have acted in the defense of the persons of their children."
The defense is based primarily upon the argument of justification under the foregoing codal article in protecting his child. We find no fault with the principle of law upon which this defense is made, but our jurisprudence is abundantly clear that provocation or justification for a battery is a question of fact to be determined in the light of circumstances of each individual case, and the burden of proof is upon the defendant. Rivers v. Brown, 168 So.2d 400 (La.App. 3d Cir. 1964); Barrett v. Matthews, 138 So.2d 151 (La.App. 2d Cir. 1962); Theriot v. Gianelloni, 121 So.2d 275 (La.App. 1st Cir. 1960); Bethley v. Cochrane, 77 So.2d 228 (La.App. Orleans 1955).
While we have rejected the defense of justification for the reasons stated above, even if we were to assume that defendant might have thought his child to be in danger of being harmed by plaintiff, we would still hold him liable, because he went beyond the defense of the child and willfully assaulted plaintiff when he was prostrate and unconscious and no longer a threat to him or his child. Excessive force as a defensive measure is not justified. It was this excessive forcethe kicking of his unconscious victimwhich caused the most serious injuries to plaintiff. Oakes v. H. Weil Baking Co., 174 La. 770, 141 So. 456 (1932); Smith v. Foucha, 172 So.2d 318 (La.App. 4th Cir. 1965); *192 Rivers v. Brown, supra; Bethley v. Cochrane, supra.
Defendant further relies on the principle of law recognized in our jurisprudence to the effect that one who is himself at fault cannot recover damages from a wrong resulting from that fault, citing Vernon v. Bankston, 28 La.Ann. 710 (1876). This principle was discussed in Randall v. Ridgley, 185 So. 632 (La.App. Orleans 1939). There it was held that though the defendant might have been justified in ejecting plaintiff from the defendant's premises, he would be justified only in using the force necessary to accomplish this purpose. He was held liable for using excessive force, citing Oakes v. H. Weil Baking Co., supra.
Conceding that plaintiff was wrong in encouraging the fight between the two small boys, this wrong was not a license to defendant to rush into the fray which plaintiff's wrong precipitated and severely assault him. Under the facts of this case, the plaintiff's wrong does not bar his recovery of damages, where defendant's wrong was much more grievous and out of all proportion to the wrong committed by plaintiff.
Plaintiff sustained severe and painful injuries which required ten days' hospitalization. He had facial lacerations and contusions and a broken dental plate which resulted from the blow which defendant struck with his fist or from falling on his face, or both. More severe injuries were caused by defendant's kicking plaintiff while the latter was prostrate and unconscious. These injuries consisted of pneumothorax, partial lung collapse, and moderate fibrinous pleurities.
The quantum of damage appears not to be an issue on appeal, and we find an award of $2,000 for pain and suffering to be reasonable and certainly not excessive. The judgment includes the items of special damage which are not discussed in briefs and appear not to be disputed. These are $250 for repair of the dental plate, $1,210 for loss of wages during disability, and $441.05 hospital expenses.
The judgment in favor of plaintiff, Ernest J. Bauman, Sr., against Roderick G. Heausler awarding damages in the amount of $3,901.05, with legal interest from date of judicial demand, is affirmed at defendant-appellant's cost.
Amended and affirmed.