190 So.2d 463 (1966)
Alvin ALEXANDER, Plaintiff-Appellant,
v.
Roosevelt McCRAY, Defendant-Appellee.
No. 6737.
Court of Appeal of Louisiana, First Circuit.
July 8, 1966.
Henry A. Mentz, Jr., of Mentz & Ford, Hammond, for appellant.
Arthur W. Macy, of Reid & Macy, Hammond, for appellee.
Before LOTTINGER, LANDRY, BAILES and LEAR, JJ.
BAILES, Judge.
The plaintiff brought this action in the City Court of Hammond to recover from the defendant the sum of $990 as damages for an alleged battery committed on his person by defendant. After trial on the merits, the judge a quo rejected the demands of the plaintiff, at his costs, and he appealed.
In his petition, plaintiff alleges he was a guest at the "Boosters Club", a nightclub establishment owned and operated by defendant; that without any provocation on his part, defendant suddenly hit him with a pistol about the head and neck causing severe bruises and contusions, headaches, pain and suffering to him; and that by reason of this unprovoked assault by the defendant, plaintiff is entitled to recover damages in the amount of $990.
Defendant resists the demands of plaintiff on the ground that he was justified in his actions against the plaintiff for the reason he, the plaintiff, attacked defendant and attempted to take away from him a pistol *464 with which he was protecting himself against an attack by a third party, and that in doing so, defendant took only such action as was required to insure his own safety.
From our careful and painstaking study of the record before us, it is obvious there is a totally irreconcilable conflict between the plaintiff's and defendant's versions of what occurred in the altercation which gave rise to this action.
The plaintiff's version of the altercation is supported by the testimony of a witness by the name of Louis Robertson who was shot by defendant immediately prior to the difficulty which ensued between plaintiff and defendant, and a woman patron in the dance hall. In like manner, the defendant's version of what occurred is substantially verified by the testimony of a customer who entered the bar immediately prior to the fight. We can see no useful purpose to be served by a detailed review of the conflicting testimony given by the witnesses. The trial judge heard and saw each witness as the testimony was presented, observed their demeanor on the stand and was in a far better position, as the trier of the facts, to determine which witnesses to believe and which ones to disbelieve. From our appreciation of the testimony, it is purely and simply a question of fact, and we are unable to observe or discover any manifestly erroneous conclusion reached by the trial judge.
The defendant testified he was set upon by Louis Robertson with a knife and in order to defend himself he shot Robertson, and immediately he was attacked by plaintiff. It was then the defendant struck plaintiff several blows to his head and neck with his pistol.
Plaintiff contends the trial judge erred in failing to hold that defendant had the burden of establishing some overt or threatening act by plaintiff in order to exonerate himself from liability inasmuch as defendant admitted striking plaintiff; in failing to hold that defendant used excessive force; and in failing to find that plaintiff was innocent of any involvement in the difficulty between defendant and Louis Robertson.
We find the law is well settled in actions for damages for battery that a plaintiff cannot recover damages for such battery if the evidence establishes that he is at fault in provoking the difficulty in which the injury complained of is received. See Oubre v. Judice (La.App., 1962) 147 So.2d 745, and the cases therein cited.
There is testimony in the record that plaintiff set upon the defendant immediately after defendant shot Robertson, and although defendant did strike plaintiff several times with his pistol, we believe the trial court was justified in finding defendant did not use excessive force in repelling plaintiff's attack; and also we believe the evidence justifies the conclusion that plaintiff was not an innocent third party to the altercation between defendant and Robertson.
Although we are not favored with written reasons by the trial court, from the judgment it rendered we must conclude the trial judge believed the testimony of the defendant and the witness who supported him in his version of the fight that plaintiff was the aggressor. Such a conclusion is supported by the evidence. In view of this finding, plaintiff, as the aggressor, cannot recover damages unless defendant used excessive force in repelling the attack. In cool reflection, it might not be unreasonable to conclude the defendant exceeded the force actually needed to repel plaintiff's attack, however, when viewed in the light of the surrounding circumstances and the excitement of what immediately preceded this between defendant and Robertson, we are not in position to find the trial court erred in failing to hold defendant used excessive force.
Defendant believed he was in danger of bodily harm at the hands of plaintiff, and accordingly was justified in using reasonable force to repel the attack. See Pearson v. Taylor (La.App., 1959) 116 So.2d *465 833; and Patterson v. Kuntz (La.App., 1946) 28 So.2d 278.
We find no reason herein to depart from the general rule which requires us to accord to the findings of the trial court on questions of fact great weight; and in this case as there are primarily questions of fact to be resolved, it is incumbent upon the appellant to show manifest error in order to sustain a reversal. In this case, we find no manifest error, and no such error has been pointed out to us by appellant.
For these reasons assigned above, we affirm the judgment of the trial court.
Affirmed.
REID, J., recused.