218 So.2d 563

Frank J. TRIPOLI

v.

Jack GURRY and Lula Mae Bankston, divorced wife of Edward Phillip Gurry.

No. 49135.

Jan. 20, 1969.

Rehearing Denied Feb. 24, 1969.

Robert E. Leake, Jr., of Hammett, Leake & Hammett, New Orleans, for defendants-applicants.

William M. Lucas, Jr., and Michael Osborne, of Dufour, Levy, Marx & Lucas, New Orleans, for plaintiff-respondent.

Timothy G. Schafer, of Adams & Reese, New Orleans, for intervenor-respondent.

HAMITER, Justice.

This assault and battery damage suit arose out of an altercation between Frank J. Tripoli, the plaintiff herein, and Jack Gurry, a defendant and a minor, in which the former received certain hereinafter described physical injuries.

Gurry's mother and her liability insurer, Lumbermens Mutual Casualty Company, were also named as defendants.

The Aetna Casualty and Surety Company, the workmen's compensation insurer of plaintiff's employer, intervened to recover payments made by it to plaintiff during his disability.

The trial court rendered a judgment in favor of plaintiff in the sum of $1500. It dismissed the intervenor's claim. All parties appealed.

The Court of Appeal increased the award to plaintiff to $10,000. The judgment dismissing the intervention of Aetna was reversed and its claim against the amount awarded plaintiff (for compensation payments made by it) was recognized. Tripoli v. Gurry, La.App., 206 So.2d 163.

At the instance of the defendants we granted certiorari (251 La. 1077, 208 So.2d 535). But we denied plaintiff's application seeking an increase in his award (251 La. 1071, 208 So.2d 533).

■ It is correctly stated in Alexander v. McCray (La.App.), 190 So.2d 463 that "the law is well settled in actions for damages for battery that a plaintiff cannot recover damages for such battery if the evidence establishes that he is at fault in provoking the difficulty in which the injury complained of is received. See Oubre v. Judice [et al.] (La.App., 1962) 147 So.2d 745, and the cases therein cited." Also pertinent are Stothart v. Louisiana-Arkansas Railway Company, 127 La. 409, 53 So. 668 and Johnson v. Princeville Canning Company et al. (La.App.), 205 So.2d 449.

■ It is equally well settled that even where there is an aggressive act, justifying a battery, the person retaliating may use only so much force as is necessary to repel the aggression; and that if he goes beyond this, he using force in excess of what would have been reasonably necessary, he is liable for damages for injury caused by the employment of such unnecessary force. Oakes v. H. Weil Baking Company et al., 174 La. 770, 141 So. 456, Whittington v. Levy (La.App.), 184 So.2d 577, Bauman v. Heausler (La.App.), 188 So.2d 189 and Mut v. Roy et al. (La.App.), 185 So.2d 639.

■ Of course, each case depends on its own peculiar facts and circumstances; and resort must be had to the evidence to determine who was the aggressor and whether more force than necessary was used to repel the aggression.

■ The trial court made the following findings of fact which are pertinent to a decision herein.

During the evening of April 26, 1964, near eight o'clock, Jack Gurry (then seventeen years of age) and a companion, Marcel Bourcq, entered the Katz and Besthoff Drug Store located on Canal Boulevard, at the corner of Rosedale Drive, in New Orleans. The drug store is set back from the sidewalk, and in front and to the side is a rather large parking area which is shared by it and a Winn Dixie Food Store.

When the youths entered the drug store several other boys (acquaintances of theirs) were seated at the fountain or lunch counter. Gurry and Bourcq joined them, and

shortly thereafter loud and offensive conversion by the boys ensued. This was reported to the plaintiff who was then the assistant manager of, and the only male employee in, the store. He spoke to the young men requesting that they quiet down; but when Gurry continued in the above mentioned course of conduct plaintiff requested him to leave. This he refused to do until he was served the order he had placed. Whereupon, plaintiff instructed one of the other employees to call the policemen, their station being only about two blocks away.

At that time Gurry left the establishment, and he was followed by plaintiff (he stopped momentarily to obtain a paper and pencil to note Gurry's automobile license plate). Gurry told plaintiff that he did not have a car, which was apparently true because he had reached the store by bus.

Gurry continued to walk away, on the parking lot and toward the bus stop (located on the corner of Canal and Rosedale and across the street from the lot), it being his intention (according to his testimony) to catch the bus and go home. However, plaintiff continued to follow him, seeking to keep him from leaving the area until the police arrived.

When Gurry was some distance from the store (almost to the sidewalk) plaintiff attempted to restrain him by (at least) placing his hands upon the youth. At that time Gurry either stepped back or pushed him in an effort to get away. This resulted in plaintiff's falling to the ground and fracturing his leg. The injury consisted of a fracture of the distal tibia and fibula (just above the ankle).

Thereafter, while plaintiff was on the ground, Gurry punched him, striking at least one blow with his fist. But whatever beating was inflicted then did not result in any marked physical signs, such as loss of teeth, broken bones, extensive cuts or bruises, etc., except for some minor facial abrasions. The abrasions were testified to only by plaintiff himself who described his facial wound as a "minor cut" on his chin. They were not referred to, as having been treated, either by the attending physician who examined plaintiff shortly after the occurrence or in the records of the hospital where plaintiff was taken immediately.

While there is considerable conflict in the testimony on some issues, even among witnesses on the same side of the litigation, we are of the opinion that the record supports the above findings of fact made by the trial judge. And of crucial importance is the unequivocal statement of plaintiff (and the testimony of the other witnesses) that Gurry left the drug store, and was walking away from it; but he was followed by plaintiff who wanted to prevent his leaving until the arrival of the police.

Likewise, there is not one bit of evidence that in the drug store Gurry had in any manner indicated an intent to harm

anyone, including the plaintiff, and had not even directed the objectionable language toward those other than his own companions. There was no violent display, nothing was broken, and nothing was stolen. Unquestionably, if the plaintiff had remained in there, in the store, or even in the doorway thereof to point the boy out to the police, the ensuing events would never have occurred. As plaintiff states in his brief to this court "Jack Gurry was simply fleeing the authorities that had been called to the scene." He, plaintiff, was not content to have this happen.

Under this showing it is apparent that plaintiff has completely failed to prove that Gurry was the aggressor in the physical encounter in which the leg was broken, albeit Gurry's conduct and that of his companions in the drug store was intemperate and inexcusable. To the contrary, it is our opinion that when the plaintiff followed Gurry out of the store, pursued him across the lot despite Gurry's continuing withdrawal, and then finally placed his hands upon Gurry's person in an effort to restrain the departure (which he had no legal right to do), he (plaintiff) became the aggressor; and Gurry was then justified in pulling back or pushing plaintiff away, which action resulted in the most serious injury to the latter. Consequently, we concur with the holding of the trial judge that Gurry was not legally liable for the leg injury caused by such action.

■■ Nevertheless, we are of the opinion that when the plaintiff had fallen to the ground there was no further occasion for Gurry to be apprehensive about his being illegally detained and that, therefore, his proceeding to strike the former while down was totally unjustifiable. In other words, such striking by Gurry constituted the use of unreasonable force to repel plaintiff's aggression; and he, hence, is liable for such injury as resulted therefrom. Our review of the record, considering all of the circumstances, reveals that no manifest error was committed by the district court in its allowance of $1500 for this item of damage.

■ The trial court denied the claim of intervenor for the reason that the compensation payments were made because of plaintiff's incapacity caused by the fractured leg for which no tort damages were due. Accordingly, it held (and we think correctly), that said intervenor was not entitled to be paid out of the $1500 award to plaintiff. Its judgment in this respect will, therefore, be reinstated.

For the reasons assigned the judgment of the Court of Appeal increasing defendants' liability from $1500 to $10,000 is amended by reducing it to the amount originally awarded. Accordingly, the decree of the district court, which included a dismissal of intervenor's demand, is reinstated and made the judgment of this court. Costs

in the Court of Appeal and in this court are to be paid by the plaintiff, the defendants, and the intervenor in the proportion of one-third each.