REDMANN, Judge.
Plaintiff appeals from the dismissal of his suit for damages for physical injuries received in a fight with defendant’s minor son. The son is hereafter referred to as defendant.
The questions are, who was the aggressor; and, if it was plaintiff, whether defendant’s response was excessive.
Although as usual each side’s testimony is largely contradictory to the other’s, we can' say preliminarily that our review of the record discloses no error in the trial judge’s conclusion that plaintiff was trying to hold defendant to prevent his escape after an insignificant initial argument.
The affair occurred at a Pontchartrain Beach amusement park ride. Defendant, then 15 years old, and one or more friends disturbed the ride operator by their behavior at the entrance turnstile. The operator called on plaintiff for assistance in ejecting the youths. Plaintiff was rides supervisor and had been alerted to the disturbance by another Beach employee.
The story told by plaintiff and his fellow employees is quite different from that of defendant and his friends. But it seems altogether fair to say that even plaintiff admits that, having by walkie-talkie called *260 the city policeman employed at the Beach to remove the youths from the Beach, plaintiff was trying to hold defendant for their arrival by holding his arm, after defendant had left the ride and was on the ground, and defendant was attempting to get away to avoid confrontation with the police. Defendant, then an amateur boxer, punched plaintiff in the face in an effort to escape. According to plaintiff, plaintiff grabbed defendant’s arms in his continued effort not to harm the youth but merely to hold him, and defendant kneed plaintiff in the abdominal region, again attempting to escape. As defendant was running away, plaintiff again reached for him and defendant threw dirt in plaintiff’s face. At this point the police arrived and prevented defendant’s escape.
The trial court concluded (1) that plaintiff was the aggressor because he tried to physically restrain defendant, who was attempting to run away; and (2) that defendant did not use unreasonable force to repel plaintiff’s aggression. On this basis the court found Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969), required dismissal of plaintiff’s case.
Appellant s argument is largely factual. He does not dispute the legal principle that reasonable force may be used to repel an aggressor, but questions the trial court’s application of that principle because of his differing view of the facts.
Appellant points to some part of defendant’s testimony which we are inclined to agree is improbable. Nevertheless there is also some inconsistency in plaintiff’s testimony, and we simply are not in a position to hold that the trial judge erred in his evaluation of the facts of the case.
Plaintiff, a private citizen, had of course no authority to arrest defendant, LSA-C.Cr.P. art. 214, for behavior which could hardly be considered a misdemeanor, much less a felony. The limit of plaintiff’s authority was to protect his employer’s property and other customers, and this purpose was accomplished (if it needed to be) when defendant left the ride.
In all material elements, this case is controlled by Tripoli v. Gurry, supra, as held by the trial court. The factual difference that there the defendant had already left the entire premises of the drug store is not, in our opinion, sufficient to distinguish the case. The essential element in each case is the unauthorized effort to restrain, to arrest, a retreating person; this constitutes the plaintiff the aggressor.
That the repelling force was not excessive is also clear to us; the punch while one arm was held did not suffice; the knee while both arms were then held seems about all one might do to free himself; and the dirt in the face to temporarily blind a pursuer is not in our opinion inordinate.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.