EVERETT, Judge.
This is an action by Tom Phillips and Norfleete Austin Phillips, husband and wife, for damages arising out of an altercation which occurred March IS, 1964 in Tangipahoa Parish.
Mr. and Mrs. Phillips, accompanied by their minor daughter, went to an establishment known as Louie’s Restaurant and Doughnut Shop. They were seated at the counter, on stools, when six persons entered the same establishment and took seats at a booth behind the Phillips. These six persons were Mr. and Mrs. Carl Hughes, Mr. Fred C. Ballard, Mrs. Ballard, Herbert Freiler and Mrs. Beulah Kleinpeter.
The Phillips allege that these six people constituted a loud and abusive party and that Freiler and Ballard used loud and obscene language in the presence of Mr. and Mrs. Phillips and their minor daughter. The Phillips further allege that the three men left the booth and were standing behind them when Mr. Phillips requested that the loud and obscene language be stopped because of the presence of his wife and minor child. Undisputedly, a fight ensued involving Mr. Phillips, Mr. Freiler, Mr. Ballard and, according to some witnesses, Mr. Hughes.
The defendants, Herbert Freiler and Fred C. Ballard, reconvened alleging that Mr. Phillips provoked the fight by striking Mr. Freiler and that the fight ensued when Mr. Ballard attempted to rescue Mr. Freiler.
The District Court rendered judgment dismissing both the principal demand and the reconventional demand, dividing the costs between the parties.
Mr. and Mrs. Phillips have perfected this appeal but the plaintiffs in reconvention, Herbert Freiler and Fred C. Ballard had not appealed their cause in reconvention. The District Court assigned no reasons for judgment.
We have carefully reviewed the entire record and find essentially that Mr. and Mrs. Phillips, as well as Delanda Phillips, have testified that Freiler and Ballard were using loud and obscene language and, after Mr. Phillips requested they stop, a fight ensued with Mr. Freiler striking the first blow which ultimately led to all three men throwing Mr. Phillips to the floor and beating him. Although there are some discrepancies, Mr. Freiler and Mr. Ballard, as well as their witnesses, testified that their party was in a jovial and festive mood and, although they apologized to Mr. and Mrs. Phillips for any offense, Mr. Phillips attacked Mr. Freiler first and then Mr. Ballard simply came to his rescue.
Freiler and Ballard were called under cross-examination and emphatically denied using any profanity, with the possible exception of the use of some words which did not. suggest any sexual relationships. This is directly contradicted by Mrs. Eva McKnight, the employee in charge of the restaurant and doughnut shop, who testified that she told the entire party of six to hold down the noise or that she would have to call the police to remove them. She stated that she repeated this demand several times and that the male members of the party used violent obscene language and loud voices. We are convinced that at least Mr. Freiler and Mr. Ballard did use vile and obscene language; however, this is not an action for damages caused by insulting or abusive language but, rather, for damages stemming from a battery.
Each contesting party and their witnesses have testified that the other party provoked the altercation and struck the first blow. Mrs. Eva McKnight states unequivocally that Freiler struck the first blow and that, to the best of her knowledge, *710 Hughes and Ballard commenced beating Mr. Phillips. She, as well as Mrs. Elaine Davis, another independent witness and employee of the establishment, testified that all three men were beating Mr. Phillips. We believe that the testimony of Mrs. McKnight and Mrs. Davis should be given great weight. Neither of these witnesses knew any of the parties, except possibly by sight, and Mrs. McKnight testified that she had never seen Mr. and Mrs. Phillips before the date of this incident. The evidence is clear that all members of the party of six had been drinking on the day of this incident, with each uniformly testifying that Mr. Freiler and Mr. Ballard had “two beers”.
As these persons began this melee, the male participants fell under a booth where they continued the fracas. Mrs. Phillips, in attempting to intervene on her husband’s behalf, was thrown against a counter causing the injuries which will be mentioned hereinafter.
We conclude that Freiler and Ballard were using loud and obscene language, were disorderly and offensive and provoked this incident. We reverse the District Court.
Although there have been many cases in which the “aggressor doctrine” has been analyzed exhaustively, as well as the standard by which provocation should be gauged, each case of assault and battery depends on its own peculiar facts and circumstances and cannot be governed by any absolute standard. Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969).
It has been uniformly held that an aggressor cannot recover damages for assault and battery unless he is provoked in a manner that would make the other party the true aggressor. The aggressor is not always the party that strikes the first blow, although most courts give great weight to any definitive evidence as to which party commenced the attack. (A full discussion of the origin of the aggressor doctrine in Louisiana jurisprudence is found in 12 XII Louisiana Law Review, 469-485.)
We conclude that Freiler struck the first blow; however, even in absence of this finding, we conclude that the loud and obscene language, under the circumstances, were sufficient to form the basis of a justified provocation by Mr. Phillips.
The evidence indicates that there were special damages incurred for funds disbursed to Dr. Barnett in the sum of $80.00, to the Family Clinic in the sum of $306.00, to the Industrial Clinic of Baton Rouge in the amount of $125.00, and to Lady of the Lake Hospital in the sum of $205.00.
There was no medical testimony or evidence contained in the record with the exception of a report, dated March 28, 1966, by Dr. Frank G. Reiger. It was stipulated that if Dr. Reiger were called to testify he would testify in accordance with the report rendered by him, although the defendants were not bound to admit the veracity of the contents of the report. The defendants offered no medical evidence to rebut that submitted by Mr. and Mrs. Phillips and we find that they are accordingly entitled to the following awards.
Mr. Phillips received a laceration of the lip, hematoma of the left leg, hema-toma of the eye and cheek and a right inguinal hernia which Dr. Reiger states in his report did not exist prior to the altercation. This is not satisfactory proof that the hernia was caused by the altercation. An award to Mr. Phillips, in addition to the special damages, will be allowed in the amount of $1,500.00.
Mrs. Norfleete Austin Phillips suffered a fractured rib, contusion of the lumbosacral spine and pelvis area, contusions of the anterior chest wall, muscle injury of the right knee, sprain of the right knee and contusions of the left hand. X-rays revealed a fractured rib and she was accordingly fitted with a rib belt and given medication for pain. The right knee re *711 mained swollen for some time and diathermy treatment, as well as decadron inj ec-tions, was administered. All of the described injuries resulted directly from the battery administered during this foray. We find no evidence of any residual disability. Under the circumstances, we feel an award of $5,000.00 is appropriate.
All costs to be paid by the defendants-appellees.
Reversed and rendered.