PRICE, Judge.
Kenneth Caroli has appealed from the trial court judgment rejecting his demands for damages for gunshot wounds inflicted on him by R. W. Britt.
The incident happened on September 20, 1966, at a commercial boat landing owned by defendant on Cross Lake. The landing consists of an open parking area on the lake side of South Lakeshore Drive, a frame building near the water edge, and a pier which extends into the lake. Defendant’s residence is situated across Lakeshore Drive approximately 70 feet distant from the boat landing. Caroli, a twenty-two year old airman from Barksdale Air Force Base, drove onto the parking area of defendant’s boat landing at around 9:00 o’clock, p. m. on this date. The establishment was closed for business and there were no lights on the premises. Caroli was accompanied by his date, Constance Worth, another airman, Tim Lewis, and his date, Bridget Gordon. After the Caroli rar had been parked on these premises for a few minutes, defendant appeared with a flashlight and a .25 caliber pistol and instructed them to leave. Caroli, ■who was standing outside of the automobile, engaged in a fight with defendant. During the altercation Caroli was shot three times and seriously injured by a bullet severing the aorta above the heart.
Defendant denied liability and reconvened for personal injuries sustained by him in the fight. He contends plaintiff attacked him without justification and that the use of the pistol was reasonable under the circumstances confronting him to protect him from receiving serious bodily injury at the hands of his aggressor. After a trial on the merits the district court rendered judgment rejecting both plaintiff’s demands and defendant’s demands in re-convention without giving written reasons therefor. Defendant has not appealed from the judgment rejecting his reconven-tional demand.
Oxi this appeal plaintiff contends the trial court erred in dismissing his demands as the force used by defendant was excessive in his attempt to expel plaintiff from his property. The versions of the opposing parties as to the events leading up to the shooting are contradictory in several respects.
Plaintiff related the events surrounding the shooting as follows: That he drove his automobile onto the parking area of defendant’s commercial property solely for the purpose of changing drivers and before he had accomplished his purpose he saw a person with a flashlight coming toward the car from across the road. He then stepped from the car toward the person to see what he wanted. At this point the light was focused in his eyes and the other party told him he must leave the property, which he agreed to do if the light was taken from his eyes. When defendant continued to maintain the light in his face, he pushed the flashlight aside with his hand. Defendant struck him with the light and blows were passed between them. He then walked toward his car to leave when he noticed defendant following him with a pistol in his right hand. They again scuffled and during this affray defendant fired four shots, three of them striking him. He then retreated to his car where he was helped in by the other occupants who drove him to the nearest residence to summon medical assistance.
Defendant in his testimony on trial of the case described the events leading up to the shooting as follows: That he lived alone in a residence across from his boat landing, which is situated in a sparsely settled area of the lake, the nearest neighbor being more than a quarter of a mile away. His business consists of renting boats, mo *190 tors, storage facilities for customers motors, and sale of fishing supplies. That on several occasions outboard motors and other property had been stolen from his business after closing hours, and that he did not permit persons to park on his property after dark. On the evening of the incident he was preparing to go to bed around 9:00 o’clock, p. m., when he noticed a car pull into the boat landing and park. He watched for a few minutes to see if it were merely turning around, and when it remained he took a flashlight and pistol and walked across the road to the landing to investigate. The car was parked near the pier with the lights off and the engine was not running. As he neared the car his flashlight beam picked up a man standing by the car turning toward him. He walked up to the person, continuing to keep his face in the light beam. He informed plaintiff he did not allow parking there after closing hours and instructed him to leave. Plaintiff demanded he take the light out of his eyes so that he could talk to him. He reiterated his instruction for plaintiff to leave, and at that point plaintiff knocked the flashlight down and struck defendant in the face. Defendant, who was 57 years old, contends he was knocked to the ground three times and kicked in the face and eye while on the ground. After recovering his footing from the third time he was on the ground, defendant in an attempt to get plaintiff off his back began firing his pistol and fired the four shells contained in the gun. Plaintiff then retreated to his car and drove off. Defendant was unaware that plaintiff had been struck by the shots until he called the Sheriff’s Department to report the incident and was advised by them that plaintiff had been hit and was seriously wounded.
The law relating to actions for damages resulting from an assault or battery involving the issue of the use of excessive force in repelling an aggressor is set forth by the Supreme Court in the case of Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969), as follows:
“It is correctly stated in Alexander v. McCray (La.App.), 190 So.2d 463 that ‘the law is well settled in actions for damages for battery that a plaintiff cannot recover damages for such battery if the evidence establishes that he is at fault in provoking . the difficulty in which the injury complained of is received. See Oubre v. Judice [et al.] (La.App.1962) 147 So.2d 745, and the cases therein cited.’ Also pertinent are Stothart v. Louisiana-Arkansas Railway Company, 127 La. 409, 53 So. 668 and Johnson v. Princeville Canning Company et al. (La.App.), 205 So.2d 449.
“It is equally well settled that even where there is an aggressive act, justifying a battery, the person retaliating may use only so much force as is necessary to repel the aggression; and that if he goes beyond this, he using force in excess of what would have been reasonably necessary, he is liable for damages for injury caused by the employment of such unnecessary force. Oakes v. H. Weil Baking Company et al., 174 La. 770, 141 So. 456, Whittington v. Levy (La.App.), 184 So.2d 577, Bauman v. Heausler (La.App.), 188 So.2d 189 and Mut v. Roy et al. (La.App.), 185 So.2d 639.
“Of course, each case depends on its own peculiar facts and circumstances; and resort must be had to the evidence to determine who was the aggressor and whether more force than necessary was used to repel the aggression.”
We find the evidence in the record shows plaintiff was the initial aggressor bringing on the encounter. His action in striking the flashlight in the hand of defendant could only be construed as an overt act which would necessarily startle and place the other party in fear of a physical attack, and, in all probability, result in some sort of retaliation. Plaintiff could easily have turned toward his automobile on being instructed to leave the premises and the light would have no long *191 er been in his eyes. As the area was very dark and unlighted, defendant was under no obligation to turn off his flashlight at plaintiff’s request.
The evidence further substantiates defendant’s contention that he was beaten rather severely about the head and face by plaintiff prior to his resorting to the firing of the pistol in an attempt to get plaintiff off of him. Color photographs of defendant’s face, made by the Caddo Parish Sheriff’s office in the course of their investigation, show defendant’s nose was very swollen and lacerated. They further show the left side of his face was discolored and swollen with the left eye very bloodshot. Defendant testified extensive medical treatment was necessary to save the sight in this eye.
The medical records of the Barksdale Air Force Base Hospital where plaintiff was sent for emergency treatment show he did not receive injuries to his face or head, which indicates little or no successful retaliation on the part of defendant prior to his use of the pistol.
The evidence as a whole convinces us the 57 year old defendant was being unnecessarily beaten by the much younger plaintiff and defendant’s use of the pistol under these circumstances to protect himself from further harm on his own property cannot be said to be unreasonable.
Plaintiff has sought to establish that he had withdrawn from the first encounter and was attempting to leave when defendant pursued him with the pistol in hand and a second physical encounter ensued during which he was shot. The evidence in this regard is too conflicting to justify us concluding that plaintiff has proven this contention by a preponderance of the evidence.
We are of the opinion there is no error in the judgment appealed from, and for the foregoing reasons the judgment is affirmed at appellant’s costs.