BLANCHE, Judge
(dissenting).
There was absolutely no necessity for defendant, Robert Marie, to shoot the plaintiff. Admittedly, plaintiff was the aggressor in the altercation with Marie’s son, Ricky, but the law requires the person retaliating to use only so much force as is necessary to repel the aggression. If he goes beyond this and uses force in excess of that which would have been reasonably necessary, then he is liable for damages for injury caused by the employment of such unnecessary force. Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969) and the cases therein cited.
The plaintiff had no weapon and had just knocked young Marie to the ground when the defendant pulled out a pistol and shot him. He gave no warning and the use of such force under these circumstances was not only premature but grossly excessive. Assuming arguendo that plaintiff was about to continue his attack, there is no showing that defendant’s son was even remotely in danger or apparent danger of death or great bodily harm. In affirming the trial judge, this Court’s approval of the use of a deadly force by Robert Marie to prevent any further injury to his son is unjustified and contrary to law.