WICKER, Judge.
Jared Robertson, Jr. appeals the district court’s judgment on the merits, dismissing his battery claim against Robert Blake, Sr. The issue is whether the trial court’s findings were manifestly erroneous or clearly wrong. We affirm.
Robertson and Blake are brothers-in-law by virtue of their wives being sisters. On the evening of May 14, 1985, Blake and several members of his family attended a promotional dinner hosted by a building supply company in Gretna. Robertson and some of his family members also attended that dinner. Toward the end of the function, Robertson and Blake exchanged angry words about Blake’s failure to appear and testify earlier that day in a civil trial involving their father-in-law. As the parties were walking to their cars in the parking lot after the dinner, the heated confrontation between Robertson and Blake renewed and ultimately resulted in a physical altercation between the two men. Alleging that he was injured during the fight, Robertson instituted this lawsuit against Blake *522 and his liability insurer. Blake answered and denied liability, claiming that Robertson was the aggressor in the confrontation. A bench trial was conducted in the case. Not surprisingly, two different versions of the altercation emerged from the trial testimony, largely along family factional lines. The trial court rendered judgment in the defendant’s favor and dismissed the suit with prejudice. In his reasons for judgment, the trial judge pointed out the divergence of testimony along family lines and then noted that the only two independent eyewitnesses of the altercation corroborated Blake’s version of the incident. The trial judge found, as a matter of fact, that Robertson was the aggressor in this altercation and that Blake acted in self-defense.
It is well established that an appellate court may not disturb a trial court’s factual findings in the absence of manifest error or unless those findings are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Nu-Lite Elec. v. Deckard & Treadaway Elec., 498 So.2d 120 (La.App. 5th Cir.1986). When trial testimony conflicts, the appellate court should not substitute its own evaluations of credibility and inferences of fact for those of the trial court, even if the reviewing court concludes that its evaluations and inferences are as reasonable as the trial court’s. Arceneaux v. Domingue, supra at 1333; Canter v. Koehring, 283 So.2d 716, 724 (La.1973).
In its most recent pronouncement on the application of the manifest error/clearly wrong standard, the Louisiana Supreme Court emphasized the pivotal role of the factfinder, whether trial court or jury, determining witness credibility and then elaborated on the great respect the lower court’s factual finding based on witness credibility are entitled to receive on appeal:
Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination, (citations omitted)
But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong, (citations omitted)
Rosell v. Esco, 549 So.2d 840, 844-845 (La. 1989). The appellant invites this court to overturn factual findings resting solely on the trial court’s determinations of witness credibility.
After considering the evidence in its entirety, we cannot say the trial judge erred in finding that Robertson was the aggressor in this case and that Blake acted in self-defense. Of the fifteen witnesses who testified at trial, only two were completely independent of affiliation with either family faction. Both of these witnesses [1] attended the promotional dinner on May 14, 1985 and fully observed the confrontation between Robertson and Blake in the parking lot after the dinner. At trial each of the independent witnesses testified that Robertson initiated the physical contact between the two men by charging at Blake in an apparent attempt to knock him down. The blows struck by Blake were for self-protection, according to these two witnesses. The trial court’s factual findings in this case are neither manifestly erroneous nor clearly wrong.
Under the aggressor doctrine, a person is not entitled to collect damages for a battery when he provoked the situation which led to his injury, unless the responding party used greater force than was reasonably necessary to counter the attack. Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969); Roberts v. Boudreaux, 472 So.2d 166 (La.App. 5th Cir.1985). Based on the findings of fact that Robertson was the aggressor in this case and that Blake acted in self-defense, the trial court properly ruled that Robertson was precluded from recovering any damages for the injuries he allegedly sustained in the May 14, 1985 altercation.
*523 We affirm the trial court’s judgment dismissing Jared Robertson, Jr.’s case with prejudice. Mr. Robertson must pay the costs of this appeal.
AFFIRMED

. Mr. FJ. Brassette, Jr. and Mr. Craig Balestra