PICKETT, Judge:
On the evening of December 25, 1971, Paul Cordes, Jr., a minor, was involved in an altercation at a party in Madisonville, Louisiana, and was injured. His father, Paul Cordes, Sr., instituted this suit individually to recover medical expenses and on behalf of his son to recover for the personal injuries.
The petition alleged that certain guests at the party, viz. Greg Chatellier, Ronnie Fitzmorris and Jessie James Jenkins, conspired and acted in concert to inflict the injuries upon Paul Cordes, Jr. Kelly Chatellier, father of the minor, Greg, was also joined and he filed a third party petition against Fidelity and Casualty Company of New York, his homeowner’s insurer. Plaintiff amended his petition to add the insurer as a defendant on the main demand.
The Trial Judge awarded Paul Cordes, Sr., special damages in the amount of $3,024.85 and awarded Paul Cordes, Jr. the sum of $15,000.00 for his injuries. The judgment cast Greg Chatellier, Kelly Cha-tellier, and the latter’s insurer, and Ronnie Fitzmorris, solidarily. Separate appeals were filed on behalf of the Chatelliers’ and the insurer and on behalf of Ronnie Fitz-morris.' Both appeals involve the sufficiency of the evidence relative to the participation in the altercation by Greg Cha-tellier and Ronnie Fitzmorris, respectively.
The scenario in this case in not an entirely unfamiliar one. The party on that Christmas night was hosted by Kevin Far-rar and Randy Cooper at the Cooper residence in Madisonville. About twenty-five or thirty guests, in their late teens, were in attendance. Apparently, everyone was acquainted with everyone else because of mutual association with Covington High School. Randy Cooper had also invited his cousin, Mike Cooper, to come by. Mike had attended St. Paul’s High, a rival school in Covington, but knew several of the other guests. Mike, however, invited two of his friends from St. Paul’s, Paul *749 Cordes, Jr., and Keith Villere, to go with him, and it seems that Paul and Keith were acquainted with the hosts hut did not know any of the other guests.
The party had begun by the time Mike, Paul and Keith arrived and the guests were mingling in the yard area and in the garage where a pool table and beer keg were located. While Paul Cordes and Keith Villere went into the house to use the bathroom, Mike Cooper struck up a conversation with one Lloyd Ostendorf, Jr., about the recent Covington High-St. Paul’s football game, won by St. Paul’s. Mike later testified that he did not consider the conversation to be especially provocative, but it seems that Lloyd at the time became rather provoked by the tone of it. In any event, Lloyd related to Greg Cha-tellier (who incidentally played football for Covington High) that the three boys from St. Paul’s were making something of the results of the game. This did not particularly bother Greg but it was sufficient to draw his attention to Paul and Keith as they emerged from the house. Paul, for his part, became conscious of Greg’s attention to him, and given the general xenophobic attitude existent among affiliates of the rival schools, an air of tension resulted. The record reflects that neither Paul nor Greg was looking for trouble but neither wanted to appear to be intimidated by the other, under the circumstances. Both were vaguely apprehensive and each misread the other’s actions and intentions. An incident occurred in which Greg admitted that he hit or shoved Paul but did so in response to what he thought was a threatening gesture.
By this time the others became aware of the potential of the situation and those who testified at the trial recalled seeing or hearing some kind of inflammatory gesturing or namecalling at this point on the part of both Greg and Paul.
The hosts, Kevin Farrar and Randy Cooper, took steps to clear the air and suggested to Mike, Paul and Keith that they leave before a fight started. The three readily agreed and began walking toward Mike’s car which was parked about three-quarters of a block to a block away.
Greg Chatellier, however, still wanted to “talk” some more to “straighten out” the situation and decided to follow the other three. He asked his cousin, Ronnie Fitz-morris, to go with him. Ronnie, although he did not know Mike, Paul or Keith, and had not been particularly aware of the events leading up to this point, nevertheless agreed to accompany Greg. The rest of the party followed.
The testimony of the participants and the witnesses becomes less certain and more conflicting with respect to the ensuing altercation, but we find that the evidence as a whole establishes the following:
As Mike Cooper, Paul Cordes and Keith Villere approached Mike’s car, Keith was able to get into the back seat untouched. Paul headed for the front door on the passenger side, and Mike turned to face the following crowd, intending to half the pursuit and to complete the departure without incident. Ronnie Fitzmorris misread this action and struck Mike, knocking him to the ground. Someone attempted to restrain Ronnie from behind and Ronnie struck either this person, or another person standing close by as well. Meanwhile, Greg Chatellier had advanced on Paul Cordes and struck him in the eye. Paul was struck a few more times but because of his impaired vision was unable to say who hit him. Paul was then able to enter the front seat of the car but Jessie James Jenkins entered from the driver’s side and struck Paul a few times; however, these were apparently blows to the shoulder or body and did not cause any serious injury to Paul.
Recognizing that some of the testimony is inconsistent with the above account, we nevertheless find that the concensus of the witnesses’ descriptions supports its substantial accuracy.
*750 We therefore find that the injuries to Paul Cordes were, more probably than not, inflicted by Greg Chatellier. We also find that the evidence does not establish that Ronnie Fitzmorris ever struck Paul Cordes. Finally, we must disagree with the Trial Judge’s apparent conclusion that Greg Chatellier and Ronnie Fitzmorris conspired to injure Paul Cordes specifically. Greg made no specific reference to any one of the three when he asked Ronnie to join him in following them, and Ronnie’s actions in striking Mike Cooper were more of an individual and spontaneous nature, rather than being a part of a preconceived joint attack plan. Ronnie did not know or believe there would be an actual fight at all, and was not even sure whom he had hit after it was over. We therefore conclude that the judgment against Ronnie Fitzmorris should be reversed.
With respect to the amount of damages awarded to Paul Cordes, Jr., the Trial Judge found the following:
“As a result of the blow to the eye, Mr. Cordes suffered a detached retina, which required two eye operations to repair. He was seen by a doctor in Covington, who treated his eye and shortly thereafter he saw Dr. Hilliard Michael Haik, who diagnosed the detached retina and shortly thereafter operated on him. He stayed in the hospital eight days and returned to (the University of) Notre Dame where he was a student. In June, he was operated on again and another procedure was used to correct the torn spot of the retina. He progressed well and was discharged July 12, 1972. Dr. Haik felt that he had fully recovered and the likelihood of a reoccurrence of this condition was unlikely. Mr. Cordes also received injuries to his mouth, which resulted in the capping of one tooth and repairs to another. There is no doubt that Mr. Cordes suffered some pain and a great deal of anxiety concerning his eye before it was corrected.”
The findings are amply supported and the amount of the award is appropriate.
For the above and foregoing reasons, the judgment of the Trial Court as to Ronnie Fitzmorris is reversed and the suit as to that defendant is ordered dismissed. In all other respects, the judgment is affirmed. Defendants-Appellants, Kelly Chatellier, Greg Chatellier and Fidelity and Casualty Company of New York are cast with the costs of this appeal.
Reversed in part and affirmed in part.