396 So.2d 384 (1981)
Joseph H. GRAVES, Sr.
v.
Albert J. IRWIN and the Foremost Insurance Company.
No. 13928.
Court of Appeal of Louisiana, First Circuit.
March 2, 1981.
*385 Michael J. Matthews, Gonzales, for plaintiff and appellant.
Charles W. White, Baton Rouge, for defendant and appellee.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
This suit is a claim for physical damages and medical expenses resulting from an intentional shooting.
The record indicates that on May 10, 1975, Albert Irwin (defendant) shot Joseph Graves, Sr., (plaintiff) in the face with a .12 gauge shotgun, resulting in the loss of plaintiff's right eye.
From the testimony, it appears that plaintiff had been having a relationship with Ernestine West, defendant's sister, over a period of time. In 1974, plaintiff and Ernestine West (West) purchased a mobile home for West to live in at Darrow, Louisiana. Plaintiff had visitation rights and a key to the trailer. On the night of May 10, 1975, he stopped by to visit West and found a man in her closet. Plaintiff struck West and she, along with the other man, left the trailer. Plaintiff left a short time later, then returned to the scene allegedly to lock the trailer. Upon his arrival, he found West and five members of her family, including defendant, inside the trailer in the act of removing her personal belongings. Plaintiff entered with a pistol and ordered all of them out. They had left the trailer and walked to an area where their cars were parked when suddenly West commenced firing shots into the trailer. Defendant removed a shotgun from his car and fired two rounds of number six shot into the trailer window.
*386 The testimony at this point differs. Plaintiff testified that he turned out the lights in the trailer and was attempting to escape through the back door when he was shot in the face by defendant. Plaintiff then fired in the direction of the shotgun blast.
The testimony of most of the witnesses varied to some degree, which is understandable under the circumstances. However, the defendant admits firing two shots into the trailer and stated that he then saw a shadow moving around the trailer, saw the individual squat at the corner of the trailer and fire several shots in defendant's direction. At that time, defendant says he returned the fire and wounded plaintiff.
The court concluded, in its reasons for judgment and as stated in the record, that plaintiff started the whole chain of events by pulling a gun and ordering the others out of the trailer and was, therefore, barred from recovery under the "aggressor doctrine." This doctrine denies recovery in a tort action by an aggressor, but there are exceptions including (1) use of excessive force to repel the aggressor and (2) after the aggressor's bona fide and reasonably perceivable retirement from the affray, or attempt to do so, when the original victim assaults the original aggressor after the retreat. Landry v. Gilger Drilling Company, 92 So.2d 482 (La.App. 1st Cir. 1957). Should the court accept plaintiff's version of the facts, it is obvious that the original assault by plaintiff ended when the defendant and other parties left the trailer and the defendant and West became aggressors when they commenced shooting into the trailer. According to plaintiff, he did not fire a shot before his injury by the defendant.
If we accept defendant's version, we again must conclude that defendant and West became the aggressors by firing into plaintiff's trailer and that this did not change when plaintiff fired back in self-defense.
Under either set of facts set forth in the record, plaintiff is entitled to recover damages and medical expenses.
It should also be noted that firing into the trailer, where plaintiff was known to be, cannot be justified as reasonable force to repel a prior assault. The assault was over and neither defendant nor West was in any danger at the time the shots were fired into the trailer.
In the court below, although Foremost Insurance Company was named as a party defendant, no service of process was confected and, therefore, it is not a party to this appeal.
Dr. Charles Afeman, a Baton Rouge ophthalmologist, testified on behalf of plaintiff. He first examined plaintiff on the same day of the shooting at Our Lady of the Lake Hospital in Baton Rouge. He described his findings as multiple lacerations and contusions about the face and lids with considerable hemorrhaging in the right eye; that he found and removed small lead pellets from the eye tissue. Appellant was hospitalized from May 10, 1975, through May 23, 1975.
After his discharge, he continued to see the doctor. Dr. Afeman further testified that appellant continued to experience pain and to complain of discomfort. He testified that appellant has a one hundred percent loss of vision in his right eye except for light perception only; that he has no reasonable prognosis for restoration of vision. The doctor testified that appellant's visual acuity in the left eye was 20/30; that this condition resulted from a cataract in the left eye. Finally, the doctor estimated the value of the services rendered at $800.00. His testimony is uncontroverted.
Plaintiff testified that he was employed for three years prior to the incident at Gulf Elevator at Senelmo, Louisiana, as a diesel mechanic. His pay was $600.00-$700.00 per week. After the incident, he was unable to perform the duties of a diesel mechanic. He, then, became a barge shifter, sustaining a substantial drop in pay. He testified that he was employed for about four months at between $250.00 and $350.00 per week.
Appellant was approximately 56 years of age at the time of the injury. It would *387 appear that he has been permanently disabled by the injuries sustained. In his petition, he seeks $186,300.00. Defendant-appellee, on the other hand, has instituted bankruptcy proceedings. His estate, as best we can glean from the record, is a meager one. Appellant was 61 years of age at the time of trial. He is substantially disabled as a direct result of this incident. The defendant-appellee, on the other hand, is a much younger man.
We believe that the appellant should recover the full amount of medical expenses, which are fixed at $800.00. For loss of vision and the attendant pain and suffering, we have awarded as high as $25,000.00. Fairchild v. Brian, 354 So.2d 675 (La.App. 1st Cir. 1977). However, in view of the circumstances and injuries sustained, and also taking into consideration the lack of means of the defendant-appellee, we shall award to appellant the amount of $12,500.00 as general damages. (See Cordes v. Chatellier, 325 So.2d 747 (La.App. 1st Cir. 1976); Ogden v. Smith, 344 So.2d 1099 (La. App. 3rd Cir. 1977).
Accordingly, the judgment of the trial court dismissing plaintiff's suit at his costs is reversed and judgment is rendered in favor of Joseph H. Graves, Sr., and against Albert J. Irwin, defendant-appellee, in the full sum of Thirteen Thousand Three Hundred and No/100 ($13,300.00) Dollars, together with legal interest from date of judicial demand. Defendant-appellee is to pay all costs of these proceedings, trial and appellate.
REVERSED AND RENDERED.