399 So.2d 676 (1981)
Charlotte RAHM
v.
EXXON CORPORATION and Gwendolyn B. Calhoun.
No. 14149.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*677 Stanley K. Hurder, Baton Rouge, for plaintiff Geraldine Dickerson.
Sumpter B. Davis, III, Baton Rouge, for defendant/plaintiff Charlotte Rahm.
Nelson W. Wagar, III, New Orleans, for defendant Exxon Corp.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
Plaintiff, Charlotte Rahm, filed this civil action seeking recovery for damages suffered as the result of an alleged physical attack upon her by Gwendolyn Calhoun at a car wash where Ms. Calhoun worked. Plaintiff named as defendants both Ms. Calhoun and her employer, Exxon Corporation. The case was consolidated for purposes of trial with another case arising out of a related incident at the car wash on the same day. In this second case, Ms. Rahm was named as defendant by Geraldine Dickerson. Ms. Dickerson alleged that Ms. Rahm had physically attacked her.
After trial on the merits, judgment was rendered in favor of Ms. Rahm and against defendants in the instant case. However, in the other case, judgment was rendered against Ms. Rahm and in favor of Ms. Dickerson. Exxon Corporation appealed from the judgment in the instant case. No other appeal was perfected.
On appeal, Exxon contends that the trial court was clearly wrong in finding that Ms. Calhoun, Exxon's employee, attacked Ms. Rahm without just provocation. Exxon argues that the "Aggressor Doctrine" should have been applied in this case.
A plaintiff may not recover damages for a battery if the evidence establishes that he is at fault in provoking the difficulty in which he was injured. Each case depends on its own peculiar facts and circumstances. Resort must be had to the evidence to determine who was the aggressor. Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (La.1969).
On March 9, 1979, Ms. Dickerson, a black woman, and Ms. Rahm, a white woman, both brought their automobiles to the Exxon car wash. Construction was in progress on the premises in the area of approach to the wash itself. Apparently, the area in which cars should have lined-up was not marked with certainty.
We recount the testimony regarding both incidents in order to reveal the total circumstances under which the incident at issue on appeal occurred. Ms. Dickerson testified as follows: She was in line when Ms. Rahm drove up and called to her to move her car back. Ms. Dickerson simply ignored this directive; and Ms. Rahm then got out of her automobile, approached Ms. Dickerson's car, and told her to "move back, nigger." Ms. Dickerson continued to ignore Ms. Rahm. Then, Ms. Rahm returned to her automobile and proceeded to bump her car into Ms. Dickerson's automobile. Still, Ms. Dickerson ignored Ms. Rahm. Ms. Rahm then walked up to Ms. Dickerson's car, leaned through the open window, punched her, scratched her, and called her names. Ms. Dickerson then went into the car wash office. Ms. Rahm followed her into the office and said: "Nigger, I told you I's gonna beat your ass." Several other persons were present. Ms. Dickerson returned to her automobile after it had been washed and left the scene.
Ms. Rahm's testimony with regard to the first incident was to the following effect: Ms. Rahm was in line at the car wash when Ms. Dickerson approached and drove her car in line ahead of Ms. Rahm. Ms. Rahm honked her car horn and waved. Ms. Dickerson *678 ignored her. Ms. Rahm then walked over to Ms. Dickerson's car and asked her to move. Ms. Dickerson refused to do so, and Ms. Rahm simply returned to her car. Ms. Rahm admittedly referred to Ms. Dickerson as a "nigger" but only after Ms. Dickerson had called her "a whore, a white bitch, a white honky, a trashy." Ms. Rahm entered the office after her car had proceeded through the wash. She had no further exchange with Ms. Dickerson.
Regarding the second incident, the one with which this appeal is directly concerned, Ms. Rahm testified as follows: When her car had been washed, Ms. Rahm paid her bill and went outside to the area in which the car was being dried and wiped-down by Ms. Calhoun. Ms. Rahm asked Ms. Calhoun to wipe the console, to which Ms. Calhoun replied: "I'm not going to clean your car. I don't have to take any orders from you, you white honky." Ms. Rahm told Ms. Calhoun that she would do it herself, took the bottle of cleaning fluid and the rag out of Ms. Calhoun's hand, and turned around to get inside the car. At this point, Ms. Calhoun and possibly one other person jumped on her back and battered her. An unidentified man interrupted the fight. Ms. Rahm escaped to the office and requested to speak with the manager. He was not there, so she left.
Ms. Calhoun testified as follows: She had spoken with Ms. Dickerson, who had informed her of the first incident; and she later recognized Ms. Rahm as the other woman involved in that first incident. While Ms. Calhoun was wiping-down the automobile, Ms. Rahm complained that she was not cleaning it to her satisfaction. Ms. Rahm's tone of voice was rude, and Ms. Calhoun told her that if she could not speak any nicer then she should leave the premises. Ms. Rahm responded that she need not speak nicely to a "nigger". Ms. Calhoun stepped away from the car and put down her rag and cleaning fluid. Ms. Calhoun felt an impact from some object and thought Ms. Rahm was attacking her. When asked why she thought that Ms. Rahm was attacking her, Ms. Calhoun replied: "Because of her state of mind. She was angry, she was screaming, she was hollering, she was calling names." Ms. Calhoun further stated that she was "defending herself against whatever might have been." Ms. Calhoun then admittedly struck Ms. Rahm, and a fight ensued. Other employees stopped the fight. In later testimony, Ms. Calhoun stated that Ms. Rahm had struck her first when she picked up the rag and cleaning fluid, all in one motion.
The trial court issued written reasons for the judgments in both cases. It opined that the second incident (during which Ms. Rahm was attacked) was the result of the first incident. The court stated that it felt that the initial racial slurs uttered by Ms. Rahm had been heard or communicated to Ms. Calhoun and other Exxon employees, who were black. The court specifically stated that Ms. Calhoun's attack on Ms. Rahm was unjustified.
The trial court is in the best position to assess the credibility of the witnesses and the totality of the evidence. Its determination of factual issues will not be disturbed on appeal unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). After carefully reviewing the record herein, we cannot say that the trial court's finding that plaintiff was battered without just provocation is manifestly erroneous.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are to be borne by appellant, Exxon Corporation.
AFFIRMED.