411 So.2d 532 (1982)
Robert D. WEST, Individually and as Administrator of the Estate of his Minor Son, William Mark West
v.
Louis W. JONES, Individually and as Administrator of the Estate of his Minor Son, Louis Jones.
No. 14552.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Joel B. Dickinson, Baton Rouge, for plaintiffs-appellants Robert D. West, et al.
A. E. Easterly, III, W. Arthur Abercrombie, Jr., Baton Rouge, for defendants-appellees Louis W. Jones, et al.
Before CHIASSON, EDWARDS and LEAR, JJ.
EDWARDS, Judge.
This personal injury action arises out of an altercation between two minor boys who were involved in a basketball game in the Baker High School Gymnasium. Plaintiff's son, William Mark West, and defendant's son, Louis Jones, were playing in a pickup basketball game when they became involved in an argument. The argument escalated into a shoving match which culminated with West being hit in the mouth by Jones and losing three teeth.
Plaintiff, Robert West, brought this suit on behalf of his minor son, seeking damages for the injuries. The trial court rendered judgment for the defendant, dismissing plaintiff's claim. Plaintiff has appealed. We affirm.
The trial judge gave oral reasons for judgment. He accepted Jones' version of the altercation. Jones testified that West acted first, pushing him in the chest, and that he, Jones, reacted by hitting West. West had testified that he was walking away from Jones when Jones pushed him, and when he turned around, Jones struck him in the mouth.
Counsel for plaintiff makes three assignments of error. In his first assignment, he asserts that the trial court erred in dismissing plaintiff's suit in light of La.C.C. art. 2318. Plaintiff's other two assignments of error are phrased in generalities and it is difficult to understand the contentions raised thereby. Apparently, counsel for plaintiff argues that the trial court erred in finding that plaintiff was the aggressor in the confrontation and that defendant did not use excessive force in defending himself. We will treat all three assignments together.
LSA-C.C. art. 2318 provides as follows:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other *533 persons, reserving to them recourse against those persons.
"The same responsibility attaches to the tutors of minors."
Under the provisions of this article, the father is only liable for damages caused by the fault of the child. See Turner v. Bucher, 308 So.2d 270 (La.1975); Deshotel v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259 (1971).
A plaintiff may not recover damages for battery if the evidence establishes that he is at fault in provoking the incident in which he was injured. Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969); Rahm v. Exxon Corp., 399 So.2d 676 (La.App. 1st Cir. 1981). An exception to this rule, however, allows plaintiff to recover under such circumstances if the defendant used excessive force in repelling the attack. Tripoli v. Gurry, supra; Graves v. Irwin, 396 So.2d 384 (La.App. 1st Cir. 1981); Andrepont v. Naquin, 345 So.2d 1216 (La.App. 1st Cir. 1977).
The issues of West's role as an aggressor and excessive force used by Jones were factual issues to be resolved by the trial court. As such, they should not be reversed unless a review of the entire record reveals them to be clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Rahm v. Exxon, supra; Andrepont v. Naquin, supra.
The trial court's reasons for judgment indicate that its decision was based on a finding that plaintiff's son was the aggressor and defendant's son used reasonable force in defending himself. Both conclusions are amply supported by the evidence in the record. West and Jones both testified as to their respective versions of the incident. Two other boys who were involved in the basketball game testified that West had provoked the incident by shoving Jones, and that the initial shove by West was very forceful. Under those circumstances, Jones response of striking West with his fist seems justified. The trial court was not clearly wrong in reaching that conclusion. Arceneaux v. Domingue, supra.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.