503 So.2d 1050 (1987)
Larry Eugene THIGPEN, Jr., Plaintiff-Appellant,
v.
Leroy STERN, et al., Defendant-Appellee.
No. 18426-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1987.
Rehearing Denied March 25, 1987.
Writ Denied May 15, 1987.
McKeithen & Thurman, Monroe, for plaintiff-appellant.
Theus, Grisham Davis & Leigh by J. Michael Hart, Monroe, for defendants-appellees Leroy Stern and Fireman's Fund Insurance Co.
Hayes, Harkey, et al., Monroe, for defendants-appellees Howard McDaniel, Sr. and Howard McDaniel, Jr.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Thigpen, claiming to be the victim of a battery, sued Stern, father of the alleged minor assailant, and his homeowner's insurer, Fireman's Fund Insurance Company. Defendants filed a third party demand against the owners and operators of the nightclub where the incident allegedly took place, and against their insurer. Plaintiff then amended his petition to add the third party defendants as defendants on the main demand.
The trial court rendered judgment in favor of all defendants, rejecting plaintiff's demands. Plaintiff appealed, asserting the trial judge erred in concluding that Stern "was not liable to the plaintiff for the injury caused by the battery committed upon plaintiff".
The facts of this case are relatively undisputed. At about 10:30 o'clock P.M. on the evening of August 14, 1984 Thigpen *1051 and Stern were in the game area of a Monroe nightclub. They had, along with others, been playing pool. Stern quit playing and took a seat in the bar area, with his back to the pool tables and to Thigpen.
Witty, an acquaintance of both Thigpen and Stern, suggested that Thigpen pour beer over Stern's head. Thigpen readily agreed and proceeded to take a pitcher, partially filled with beer, and pour the contents on Stern's head and back. This prompted considerable laughing and joking among the onlookers, all at the expense of Stern.
Stern sat motionless for a brief time (estimated to vary from 10 to 45 seconds), then arose and asked Witty who had poured the beer. Upon learning that Thigpen was responsible, Stern proceeded to strike that individual once in the face with his fist, causing serious injuries.
In written reasons for judgment, the trial court concluded that Stern was justified in using force because of Thigpen's unprovoked action. Furthermore, it was explained:
"Because this was a one-blow retaliatory effort, the Court does not find that excessive force was used under the totality of the circumstances, time and place ...."
The suit was dismissed as to the night club owners because the evidence failed to reveal that either Thigpen or Stern was obviously intoxicated or that the altercation resulted from the consumption of alcoholic beverages.
Liability for a battery depends upon the facts and circumstances of each case. Where the defendant relies upon provocation as justification for a battery, he must prove some conduct or action by the plaintiff sufficient to provoke and arouse the defendant to the point of physical retaliation. Barras v. Touchet, 467 So.2d 172 (La.App. 3rd Cir.1985).
In the Barras case both parties were employed by the same companyTouchet as a manager and Barras as a laborer under Touchet's supervision. Feeling mistreated, Barras and a fellow employee crossed two sparkplug wires on the motor of Touchet's company truck. When Touchet drove to lunch the truck stalled and was nearly struck by another vehicle. Upon being questioned several hours later about the incident by a company official, Barras admitted his complicity in tampering with the sparkplugs. Admonished about the seriousness of the prank and possible harmful consequences to Touchet, who was present, Barras responded by cursing Touchet. The latter then struck Barras twice in the mouth with his fist.
The court ruled in favor of Barras, holding that his words and actions did not constitute sufficient provocation to justify the battery by Touchet.
We are likewise called upon in this case to decide whether a prank constituted sufficient provocation to justify commission of a battery. From a review of the uncontested facts, it is obvious that Stern was not acting in self-defense. Although Thigpen committed a battery, he had completed the act of pouring beer and walked away. Stern had time to inquire as to who had poured the beer and then, in response to the prank, struck Thigpen forcefully in the face.
Despite the fact that only a brief time elapsed between the commission of the prank and the battery by Stern, the latter was obviously not acting in response to a perception of physical danger. Consequently, we find that the beer-pouring by Thigpen, though irritating and juvenile, was not sufficient provocation to justify the battery. Therefore, the trial judge erred in dismissing the claim against Stern.[*]
As a result of being struck by Stern, Thigpen's left orbital rim and nose were broken. There was also extensive swelling in those areas. Thigpen sustained permanent loss of feeling as a consequence *1052 of nerve damage incidental to his injuries. In addition, he has a deviated septum and a hump in his nose. Thigpen has undergone one operation and requires further surgery. It was stipulated at trial that Thigpen's medical expenses totaled $6,299.37 and his lost wages over a four week period amounted to $1,224.00. In view of the testimony concerning the need for further surgery, we award the sum of $2,500 for future medical expenses.
Considering the evidence relating to the injuries of Thigpen and his pain and suffering, we fix the quantum for general damages at $20,000.00. However, because of the circumstances we must determine whether these general damages should be mitigated.
Conduct or action which helps to create circumstances giving rise to the injury, but which does not justify the actual battery, should be considered in mitigation of damages. Walpole v. Weathersby, 465 So.2d 950 (La.App. 2d Cir.1985); Downey v. Clark, 426 So.2d 331 (La.App. 2d Cir.1983).
At the time of this incident, Thigpen was 23 years old and larger than the 16 year old Stern. The prank was the source of obvious embarrassment to the juvenile, who lashed out in retaliation after only a few seconds delay. Under these circumstances, we deem that the general damage award should be mitigated by 50%resulting in a reduction to $10,000.00.

DECREE
For the reasons explained, we reverse the judgment of the district court insofar as it rejected the demands of plaintiff against Leroy Stern and his homeowner's insurer. Judgment is rendered in favor of Larry Eugene Thigpen, Jr. and against Leroy Stern and Fireman's Fund Insurance Company, in solido, for $20,023.37, with legal interest thereon from judicial demand until paid, and for all court costs, both in the trial court and on appeal.
SEXTON, Judge, concurs with written reasons.
SEXTON, Judge, concurring.
I concur in this result. However, I would determine the degree of damages based on comparative fault principles rather than the concept of mitigations per Harris v. Pineset, 499 So.2d 499 (La.App. 2d Cir.1986).
NOTES
[*] We note that Thigpen does not specify as error the failure of the trial court to find the nightclub owners liable. Further, Stern, who initially asserted the potential liability of those parties by third party demand, has neither appealed nor answered the appeal.