539 So.2d 997 (1989)
Henry J. HARRIS, Jr.
v.
Sterling DOUCETTE.
No. 88-CA-0923.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 1989.
*998 John Y. Kennedy, Favret, Favret, Demarest & Russo, New Orleans, for appellant.
Jacqueline Mae Goldberg, New Orleans, for defendant-appellee.
Before BARRY, WILLIAMS and BECKER, JJ.
WILLIAMS, Judge.
Plaintiff/defendant in reconvention, Henry J. Harris, Jr., appeals judgment in favor of defendant/plaintiff in reconvention, Sterling Doucette. The issues before this court are: 1) whether the trial court was clearly wrong in its findings of fact; 2) whether the trial court abused its discretion in the amount of damages awarded; and 3) whether the trial court erred in not reducing the amount of damages on the basis of Doucette's conduct. After reviewing the evidence and the law applicable to this case, we affirm.
The matter was tried in a bench trial. The record shows that testimony adduced at trial was contradictory.
Harris testified that the conflict arose at the Nexus Lounge over the issue of wages allegedly owed him by Doucette. Harris testified that he and Doucette exited the lounge at Harris' request to discuss the matter. A struggle began only after Doucette bumped Harris' shoulder, pushing him backwards. It was at this time that Doucette hit Harris in the face with a glass, inflicting serious injury.
Doucette testified that Harris' wage dispute was with Noah Hopkins of the Nexus Lounge, and that Doucette became involved when Harris asked him to intervene to help secure the money. Doucette further testified that Harris became enraged when he did not receive the money and called Doucette outside the lounge. Once outside, Harris presented a knife and threatened Doucette. Doucette then grabbed the knife with his right hand, the same hand in which he held a stemmed drinking glass, and sustained a cut near his thumb. He was also cut in the face and on top of his head. Doucette testified that he defended himself with the glass. The two fell to the ground in a struggle until separated.
Michael Winesberry, the only eyewitness to testify at the trial, stated that he knew both parties before the altercation. Winesberry testified that he saw Doucette sitting inside the lounge when Harris approached Doucette and beckoned him outside. Five to six minutes later, Winesberry exited the lounge and witnessed Harris walking behind Doucette and holding a knife. Doucette turned to face Harris and the bloody struggle began.
Officer Warren Fitzgerald of the New Orleans Police Department investigated the incident. He testified that he confiscated the knife from Harris. He inspected the knife and sheath and found that both were clean, containing no human fluids. The knife was sent to the crime lab, but the report of findings was not available at trial.
The trial judge found in his written reasons that Harris struck Doucette and initiated the action which resulted in the injuries; there was provocation by Harris justifying Doucette's action in striking Harris; there was no provocation by Doucette to justify Harris' actions; and Doucette's action in self-defense was that of a reasonably prudent person under the circumstances. The trial court entered judgment against Harris and in favor of Doucette for damages in the amount of $8,500.00.
In Louisiana, a plaintiff may not recover damages for a battery if the evidence establishes that he was the aggressor, *999 i.e., at fault in provoking the incident in which he was injured. Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969); Perkins v. Certa, 469 So.2d 359 (La.App. 2d Cir. 1985); Levesque v. Saba, 402 So.2d 266 (La.App. 4th Cir.1981). An exception to this rule occurs when defendant used excessive force (i.e., beyond that necessary) in repelling the attack, in which case plaintiff may recover. Tripoli v. Gurry, 253 La. 473, 218 So.2d at 564; West v. Jones, 411 So.2d 532 (La.App. 1st Cir.1982).
The issues of which party was the aggressor and whether excessive force was used in repelling the attack are questions of fact which must be determined from the peculiar facts and circumstances of each case. Tripoli v. Gurry, 218 So.2d at 564-565; Perkins v. Certa, 469 So.2d at 361; West v. Jones, 411 So.2d at 533. These findings, like all factual determinations, must not be reversed on appeal unless the record establishes that they are manifestly erroneous (clearly wrong). Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); West v. Jones, 411 So.2d at 533. The reason for this rule is that the trial judge is in a better position than the appellate court to evaluate the credibility of witnesses and the weight of the evidence. Perkins v. Certa, 469 So.2d at 362.
First, Harris assigns as error the trial court's finding that Harris struck Doucette with the knife and thereby initiated the action. Harris further argues that, due to inconsistencies in testimony and the credibility afforded to witnesses, the trial court's finding that Harris' knife was even involved in the conflict was not supported by the record and was in error.
We agree that the trial court erred in finding that Harris actually struck Doucette with the knife. While the evidence does show that Doucette suffered a laceration of his hand, Doucette testified at trial that the laceration occurred when he grabbed the knife in self-defense. There is no evidence or testimony to show that Harris struck Doucette with the knife, and to the extent of this particular finding, the trial court was clearly wrong. See Arceneaux v. Domingue, supra.
Nonetheless, the record does support a finding that Harris was the aggressor and that a knife was, in fact, used. The testimony of Doucette as corroborated by Winesberry shows that Harris raised a knife to Doucette while threatening him. Moreover, this occurred as Doucette attempted to walk away from Harris.
As previously noted, it is not the function of this court to simply assess the credibility of witnesses or weigh the evidence. Perkins v. Certa, 469 So.2d at 362. The lower court's finding of "provocation by plaintiff advancing on the defendant with a knife" was not clearly wrong and should not be disturbed. Arceneaux v. Domingue, supra. Accordingly, these assignments are without merit.
Next, Harris contends the judgment of $8,500.00 in favor of Doucette is excessive. This assignment is without merit.
In its judgment, the trial court awarded $8,500.00 without delineating special and general damages. The only evidence of special damages at trial were Doucette's medicals, amounting to $310.15.
The standard of appellate review of general damages was enumerated in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). An appellate court may disturb an award made by a trial court only if the record clearly reveals that the trial court abused its much discretion. Only then may the appellate court lower or raise the award to the highest or lowest amount reasonably within the discretion afforded the court. It is never appropriate for the appellate court simply to decide what it considers an appropriate award on the basis of the evidence.
Further, in determining whether there was an abuse of discretion, the appellate court must look not to prior awards in similar cases, but rather, to the facts and circumstances peculiar to the case before it. Reck v. Stevens, 373 So.2d 498 (La. 1979). "Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be *1000 an appropriate award for the present case." 373 So.2d at 501.
The record in the present case reveals that Doucette suffered partial loss of feeling in his thumb as a result of the laceration. In a summary, Dr. Curtis G. Bonin expressed concern that this condition might be permanent. Doucette testified that he suffers with pain and cannot use his hand excessively. This is especially injurious to Doucette because he is a carpenter by trade and uses his thumb for hammering.
Under the facts and circumstances of this case, the trial court did not abuse its much discretion in making the award. See Coco v. Winston Industries, Inc., 341 So. 2d 332; Reck v. Stevens, 373 So.2d 498.
The final issue on appeal is whether the trial court erred in not mitigating damages. Harris contends that both parties were aggressors and, therefore, the trial court should have applied comparative negligence to reduce the award. We disagree.
Conduct which contributes to the circumstances giving rise to the injury, but which does not justify the actual battery, may be considered for mitigation of plaintiff's damages. Thigpen v. Stern, 503 So. 2d 1050 (La.App. 2d Cir.1987), rehearing den. 506 So.2d 113 (La.1987); Neville v. Johnson, 398 So.2d 111 (La.App. 3d Cir. 1981); Andrepont v. Naquin, 345 So.2d 1216 (La.App. 1st Cir.1977).
In his reasons for judgment, the trial judge found no provocation by Doucette and that Doucette acted reasonably under the circumstances. Our review of the record shows that these findings were not manifestly erroneous.
Appellant points out in his brief that Officer Fitzgerald testified that both parties involved in the fight were aggressors as far as he was concerned. However, the record supports a finding that Doucette was not an aggressor as defined under Louisiana law, i.e., at fault in provoking the altercation in which he was injured. See Tripoli v. Gurry, 218 So.2d 563. Testimony of Harris, Doucette and Winesberry shows that Doucette walked outside to discuss the matter upon Harris' request. Doucette's testimony as corroborated by Winesberry shows that Doucette attempted to walk away from Harris, who pulled a knife and threatened Doucette. Further, Doucette testified that when he saw the knife, he acted in self-defense, attempting to grab the knife and striking Harris. Our review of the record shows the trial court's findings that Doucette was not an aggressor and acted reasonably are not clearly wrong. Under the circumstances of this case, we find the trial court did not err in not reducing the damages awarded.[1]
For the reasons assigned, the trial court's judgment in favor of Doucette and against Harris is affirmed.
AFFIRMED.
NOTES
[1] Because we decide the issue of mitigation of damages based on the finding that there was no provocation by Doucette and that Doucette acted reasonably under the circumstances, we need not address the issue of whether mitigable damages owed an intentional tort victim may be reduced under the comparative negligence principles enumerated in LSA-C.C. art. 2323. See Robinson v. Hardy, 505 So.2d 767 (La.App. 2d Cir.1987), writ den., 508 So.2d 825 (La.1987) and Harris v. Pineset, 499 So.2d 499 (La.App.2d Cir.1986), writ den., 502 So.2d 114, 117 (La. 1987) [In both cases, the Louisiana Second Circuit applied the comparative negligence theory of Article 2323 to an assault and battery case].