PER CURIAM.
Plaintiff, Lucy Poret, instituted this action seeking damages for injuries allegedly sustained in an altercation with defendant, Albertha Wilson, in a Tenneco gas station/convenience store where Wilson was sales person. Tenneco Oil Company, P & M, and its insurer, Cigna Insurance Company, were also named as defendants. Plaintiff now appeals from a judgment dismissing her claim. We affirm.
On May 2, 1988, at approximately 4:45 p.m., plaintiff stopped at a Tenneco gas station/convenience store located at the corner of South Broad Street and Tulane Avenue to purchase gas and get a bag of popcorn. She entered the convenience store where defendant Wilson and an associate manager, Dawn Smith, were working behind the counter. The store had a popcorn machine. Plaintiff allegedly asked Wilson how fresh the popcorn was. She claims Wilson replied very rudely, saying that was a “dumb question.” Plaintiff allegedly replied that she did not think it was a dumb question and said she would “call [Wilson’s] manager and see about [Wilson’s] job.”
, Plaintiff claimed she proceeded to leave and as she was going out of the door she was grabbed and thrown onto some boxes of bottled beverages. She said she hit her head on a window and that Wilson “straddled” her and began hitting her in the face and kicked her in the groin. Plaintiff *899 claims she never insulted Wilson, cursed her or touched her. Plaintiff claims she sustained injuries in the incident. Her common-law husband, Dennis Penton, testified that after the incident plaintiff “was all beat up in the face.” He said she had a cut below her eye and bruises on her chest and arms. Immediately after the incident plaintiff and Penton sought the advice of counsel whose office was located a block away from the convenience store.
Plaintiff also sought emergency treatment at Charity Hospital on the day of the incident. A Charity Hospital report lists scratches to the face but no other trauma to the head, a scratch on her left breast, and no evidence of trauma to her abdomen. A medical examination done by an internist the next day, May 3, 1988, revealed a cervical strain, a contusion to plaintiffs head with post-traumatic headaches, contusion and strain of her right shoulder girdle, right groin, right thigh, right lower quadrant of her abdomen and a contusion of her left breast. Dr. Bernard Manale, an orthopedist, examined plaintiff on March 29, 1989, some 10 months after the incident. His diagnosis at that time was arthritis in her neck with a sprain or trauma superimposed on it, post-traumatic arthritis of her shoulder, and a lumbar sprain.
During cross-examination plaintiff denied having been convicted of the simple battery of the manager of a National Canal Villere grocery store which occurred when she was apprehended in connection with an attempted theft, for which she was also convicted. She admitted the theft conviction. The records of her arrest and conviction for theft and simple battery were introduced into evidence.
Defendant Wilson did not testify at trial. However, in a Tenneco accident report and statement contained therein, Wilson stated that when plaintiff asked her about the freshness of the popcorn she told her that she had just come on duty and did not know how fresh the popcorn was. She said plaintiff told her she had “a f— up” attitude. She said plaintiff continued to linger in the store and loudly complained and cursed. Plaintiff was putting her hand in Wilson’s face and Wilson asked her not to do that. Wilson waved her hand and told her to be quiet. Plaintiff then pushed her. Wilson turned and began walking away but plaintiff pulled Wilson’s shirt and punched her on the arm. The two began to struggle and Dawn Smith, the associate manager, attempted to pry the two apart, but plaintiff was holding onto Wilson’s hair.
Associate manager Dawn Smith testified that she first became aware of a problem when she heard the voices of Wilson and plaintiff growing louder. This was apparently the first exchange between the two women. Smith recalled hearing plaintiff say that Wilson had “a f— up attitude.” Smith then observed plaintiff go towards the back of the store to get a soft drink out of the cooler. Wilson exited from behind the counter to do some work in the store. Smith said plaintiff continued to loudly talk and complain. She came up to Smith’s cash register to check out, complaining that Wilson was rude. Smith said plaintiff was not cursing at that point but was mad and her voice was loud. Plaintiff said she thought Wilson should be disciplined. Smith told her to come back the next day and file a complaint with the manager.
Smith said Wilson came back up to the front of the store to rinse out a coffee pot and make more coffee. Plaintiff said to her, “I will have your job,” and Wilson replied, “No you won’t.” Wilson left the counter area to do something. At that point she and plaintiff were cursing each other. Wilson was gesturing at plaintiff with her wet hand and accidently flung a drop of water on plaintiff. Plaintiff slapped Wilson’s hand away. Wilson said not to slap her, and according to Smith, may have pushed plaintiff’s hand away. As Wilson walked away, plaintiff hit or pushed her from behind.
Smith said Wilson turned, and “somehow or other,” got her hand in plaintiff’s mouth. They ended up on the floor with Wilson on top of plaintiff. Smith came out to break up the altercation and could, not separate the two because plaintiff was grabbing Wilson’s hair. Smith did not see Wilson strike plaintiff except when she slapped *900 plaintiffs hand away from her face. The only injuries she recalled were scratches on Wilson and blood in plaintiffs mouth. Smith said Wilson called police but that neither Wilson nor plaintiff was arrested.
The trial court found that plaintiff was the aggressor in the incident and that the resulting actions of Wilson “were predictable.”
In a civil battery case, the burden of proof is on the plaintiff to establish that a battery was committed on her. Butler v. Paciera, 483 So.2d 1190 (La.App. 4th Cir.1986). A battery is a harmful or offensive contact to another without that person’s consent, done with an intent to cause the person to suffer such a contact. Caudle v. Betts, 512 So.2d 389 (La.1987). However, a plaintiff may not recover damages for a battery if the evidence establishes that she was the aggressor, unless the defendant used force beyond that necessary to repel the aggression, i.e., excessive force. Harris v. Doucette, 539 So.2d 997 (La.App. 4th Cir.1989).
Whether or not a plaintiff met her burden of proof in establishing that a battery was committed, whether she was the aggressor and, if so, whether defendant used excessive force, are all questions of fact. On appeal, a trial court’s findings of fact will not be disturbed unless there is not sufficient evidence to support the findings, or the findings are clearly wrong. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In the instant case, the findings of the trial court had to have been based primarily on the credibility of witnesses. In Rosell v. ESCO, 549 So.2d 840 (La.1989), the Louisiana Supreme Court commented on the clearly erroneous standard as applied to factual findings based largely on the credibility of fact witnesses. The court stated:
When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for only the fact-finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. (Citations omitted.)
Overall, the record evidence supports the trial court’s finding that plaintiff was the aggressor. Plaintiff made the initial offensive contact with Wilson by slapping Wilson’s hand away as she was gesturing. Plaintiff then gestured and Wilson may have pushed her hand away. Wilson turned her back and plaintiff hit or pushed her. Wilson responded to the aggression defensively and the two grabbed each other and fell to the floor. Although medical evidence indicates that plaintiff received minor injuries, there is no evidence clearly indicating that Wilson used excessive force to defend herself against plaintiff’s aggression.
Plaintiff’s credibility was called into question by her denial of her previous criminal conviction for the simple battery of the manager of a grocery store. The trial judge had the opportunity to evaluate the demeanor of plaintiff and the associate manager who witnessed the incident. The trial court found that plaintiff was not entitled to damages because she was the aggressor in the incident and defendant did not use excessive force in dealing with the aggression. We are unable to say that such a finding is clearly wrong.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.