338 So.2d 374 (1976)
Harvey BYRD, Plaintiff and Appellant,
v.
Raymond Lee ISGITT et al., Defendant and Appellee.
No. 5636.
Court of Appeal of Louisiana, Third Circuit.
September 29, 1976.
Rehearing Denied November 4, 1976.
Gahagan & Gahagan, by Marvin F. Gahagan, Natchitoches, for plaintiff and appellant.
G. F. Thomas, Jr., Natchitoches, for defendant and appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries resulting from a battery committed by the defendant, Raymond Lee Isgitt. From a judgment rejecting his demands, plaintiff appealed.
The substantial issue is whether the defendant Isgitt used more force than was reasonably necessary in self-defense.
The facts are that on the afternoon of Tuesday, July 29, 1975, the plaintiff, Harvey Byrd, and a man named Bruce Chandley engaged in a drinking party at the Apollo Apartments near Many, Louisiana. Chandley was living in one of the apartments with plaintiff's sister. The two men started drinking at approximately 1 o'clock in the afternoon, partaking of a quantity of rum and two six-packs of beer. They sat outside and placed the record player speakers in the window of the apartment and played the music loudly. They became intoxicated and used loud and profane language.
The defendant Isgitt was the manager of the apartments. He was charged by the owner with the responsibility for protecting *375 the property and the peace and quiet of the tenants. During the afternoon, Isgitt began to receive complaints from the tenants as to the conduct of Byrd and Chandley, particularly the public drunkenness and the use of vile and filthy language in the presence of women and children. Isgitt finally telephoned the Sabine Parish sheriff's office and requested that deputies be sent to arrest the two men. While waiting for the deputies, Isgitt went to the front of the apartment where Byrd and Chandley were causing the disturbance.
There is a conflict in the testimony as to what transpired when Isgitt confronted the two men. At about this time a heavy rain began to fall. Isgitt testified that Byrd was out in the rain laying on the ground and shouting. He says he tried to get Byrd up and place him under the porch out of the rain. Also, he says he told the two men that he had called the deputies and that they would have to cease their disturbance and wait for the deputies. Chandley, who is a big, strong young man, weighing about 240 pounds, attempted to hit or shove Isgitt out of the way and Isgitt struck Chandley and knocked him down. Chandley got up and Isgitt knocked him down again. At this point, Byrd got up and started toward Isgitt with his arms outstretched. Isgitt testified that he was afraid Byrd was going to try to hold him so Chandley could beat him. So Isgitt struck Byrd and knocked him down. Isgitt is a state trooper, 36 years of age and weighing about 170 pounds. He was not on duty at the time. He says that FBI agents had been to the apartment complex two days before searching for Chandley as being AWOL from the Army.
Before the deputies arrived, the plaintiff got up off of the ground and started running toward the corner of the building. Isgitt says he ran after him and caught him and they fell to the ground, but Isgitt denies striking plaintiff again after they went around the corner of the building. Isgitt brought plaintiff back in front of the apartments and about that time the deputies arrived and arrested the two men and charged them with being drunk and disturbing the peace, to which charges both later pleaded guilty.
The plaintiff and Chandley admit they were intoxicated and disturbing the tenants. However, Byrd testified that he was lying on the ground in the rain when Isgitt came from behind and jumped on him and started beating him. He testified further that after he came to he tried to escape by running around the corner of the building, but that Isgitt pursued him and caught him and beat him again. Chandley's testimony was substantially the same, except that Chandley did not see Isgitt strike the plaintiff after they went around the corner of the building.
Several of the tenants who lived in the apartment complex corroborated Isgitt's testimony as to the disturbance. It is noteworthy that none of these witnesses saw Isgitt strike the plaintiff again after they went around the corner of the building.
The trial judge gave written reasons in which he concluded as follows:
"The Court is of the opinion that the facts establish that Mr. Isgitt, both as the Manager of the apartment complex, and as an individual, was acting to protect the premises and the interest of the other dwellers in the complex, as well as to defend his own person, and that while it appears, in retrospect, that he could have accomplished both purposes without inflicting such painful injuries on Mr. Byrd, under the pressures and heat of the occasion it cannot be found that he acted unreasonably."
The plaintiff Byrd is 23 years of age and is employed as a laborer in a plywood plant. His injuries consisted of a black eye and a bloody nose. He missed one week from work.
The general rule is that where a person reasonably believes he is threatened with bodily harm he may use whatever force appears to be reasonably necessary to protect himself. Each case depends on its own facts, such as the relative size, age and strength of the parties, their reputations *376 for violence, the degree of physical harm reasonably feared and the presence or absence of weapons. Roberts v. American Employers Insurance Company, Boston, Mass., La.App., 221 So.2d 550 (3rd Cir. 1969) and the authorities cited therein. In the present case there is a reasonable evidentiary basis for the trial judge's conclusion that the defendant Isgitt used only so much force as was reasonably necessary under the circumstances to defend himself. Canter v. Koehring, La., 283 So.2d 716 (1973).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.