398 So.2d 111 (1981)
Gilbert NEVILLE, Sr., Plaintiff-Appellee,
v.
Frank JOHNSON, Defendant-Appellant.
No. 8071.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
*112 Pucheu, Pucheu & Pucheu, Jacque B. Pucheu, Eunice, for defendant-appellant.
Edwards, Stefanski & Barousse, Nolan J. Edwards, Crowley, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
CUTRER, Judge.
Gilbert Neville, Sr., filed this suit against Frank Johnson, seeking to recover damages for injuries sustained as a result of a gunshot wound. From a judgment of the trial court in favor of the plaintiff in the amount of $3,140.15, which included medical and hospital expenses, plus $1,500.00 general damages, the defendant has perfected this appeal. Plaintiff has answered the appeal seeking an increase in quantum. We affirm.
The issues on appeal are: (1) Whether the trial court erred in determining that although the plaintiff was the aggressor, the defendant used excessive force; and (2) whether the trial court abused its discretion in awarding plaintiff $3,140.15.
On October 20, 1978, Gilbert Neville, Sr., was a patron at Johnson's place of business, the Flamingo Club, in Eunice, Louisiana. After having several drinks, Neville became involved in an altercation with another patron, Aaron Hudson. When Johnson became aware of the disturbance, he intervened and ordered Neville to leave the premises. Neville began arguing with Johnson. Finally Neville left the establishment with Johnson following him.
When they were outside, Neville started cursing and stating that he was going back inside to finish his altercation with Hudson. As to the subsequent events, Johnson testified as follows:
"Q. When did you take the gun out of your pocket?
"A. Well, after we got on outside, somewhere just past the steps. Neville was acting like a wild man or a crazy person, he wasn't acting like a normal person, cussin saying that he was going back in there to kill that son-of-a-bitch and well, the only thing I could do, I couldn't hold him, the only thing I could do, take that gun out and whip him with it.
"Q. You took your pistol out and hit him on the side of the head with it and the gun went off and shot him in the neck, is that right?
"A. It went off, right."
Johnson also testified that Neville had patronized his bar many times before this event and had never gotten into any trouble. Johnson further stated that Neville was not armed at the time of the trouble. Johnson was 35 years old and weighed 250 pounds. Neville was 27 years old and weighed 160 pounds.
As a result of the wound, Neville was confined to the hospital for almost two weeks. The treating physician's report reflects that the neck wound was cleaned and sutured. Neville was treated conservatively and the "wound healed well and the patient was discharged. " Neville had some pain in the neck upon movement for several months thereafter.
Defendant Johnson contends that Neville should be precluded from recovering because he was the aggressor. In a suit for damages for battery, a person cannot recover *113 where he was the aggressor who provoked the difficulty in which the injury was received. Babineaux v. Pernie Bailey Drilling Company, 335 So.2d 747 (La.App. 3rd Cir. 1976), writ ref'd, 339 So.2d 23 (La.1976); Squyers v. Phillips, 285 So.2d 337 (La.App. 3rd Cir. 1973); Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969).
The rule is established, however, that even where a person is the aggressor, the person retaliating may use only so much force as is reasonably necessary to repel the attack, and if he goes beyond this, he is liable for damages. Babineaux v. Pernie Bailey Drilling Company, supra; Watts v. Aetna Casualty & Surety Company, 309 So.2d 402 (La.App. 2nd Cir. 1975), writ den., 313 So.2d 601 (La.1975); Tripoli v. Gurry, supra. In determining what force is justified in repelling an attack all facts and circumstances at the scene of the incident must be considered. Resort to the use of a dangerous weapon in order to repel an attack cannot be considered justifiable except in exceptional circumstances where there exists facts which would likely induce similar action by men of reasonable prudence. Davis v. Marie, 339 So.2d 370 (La.App. 1st Cir. 1976), writ ref'd, 341 So.2d 5 (La.1977); Mullins v. Pence, 290 So.2d 803 (La.App. 1st Cir. 1974), writ ref'd, 294 So.2d 547 (La. 1974).
In its reasons for judgment the trial court stated, in part, as follows:

"Considering the evidence, it is my judgment that Johnson used more force than was necessary under the circumstances. It is apparent from the testimony that the plaintiff was not armed, that the defendant did not have a great deal of trouble in evicting him from the building. It was reasonably foreseeable that striking Neville with a loaded weapon could cause it to dischargean unnecessary force, as I appreciate the evidence....."
Such a factual determination by a trial court will not be disturbed on appeal unless it is manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). Our review of the record reveals that the judgment of the trial court is not clearly wrong.
Neville has answered the appeal seeking an increase in quantum. The trial court is vested with much discretion in determining the amount of damages to be awarded. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); LSA-C.C. art. 1934. Before a court of appeal can disturb an award made by a trial court, the record must clearly reveal that the individual facts and circumstances peculiar to that case indicate the award made by the trier of fact is clearly excessive or inadequate. Reck v. Stevens, 373 So.2d 498 (La.1979).
The record in the instant case reveals that Neville was the aggressor who provoked the incident which resulted in the injury. Even though the trial court determined that Johnson used excessive force, the trial court also found that Neville's conduct and actions helped create circumstances which gave rise to his injury. Such conduct may be considered in the mitigation of damages. Andrepont v. Naquin, 345 So.2d 1216 (La.App. 1st Cir. 1977); Ruiz v. Travelers Indem. Co., 349 So.2d 461 (La. App. 3rd Cir. 1977), writ den., 351 So.2d 1204 (La.1977). Considering the mitigating factors, the trial court's award is within its much discretion.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to the defendant-appellant.
AFFIRMED.