FORET, Judge.
Francis Gums (plaintiff) brought this tort action to recover damages for personal injuries she suffered in a slip and fall, while attending horse races at Delta Downs in Vinton. Named defendants are the owner of the race track, Delta Downs, Inc. (Delta), and its public liability insurer, Mid-Continent Underwriters[1].
The trial court, after trial on the merits, rendered judgment in favor of defendants and against plaintiff, rejecting plaintiff’s demands.
*305 Plaintiff appeals from that judgment and raises the following issues:
(1) Whether the trial court committed manifest error in finding that plaintiff failed to prove, by a preponderance of the evidence, that certain alleged negligent conduct of Delta was a cause-in-fact of the harm she suffered; and,
(2) Whether Delta rebutted an alleged presumption of negligence on its part by showing periodic maintenance, cleaning and inspection of the floor plaintiff fell on.
FACTS
Plaintiff suffered personal injuries on March 29,1980, when she slipped and fell in a hallway at Delta Downs. She was talking to a friend, when she was informed that she was being paged over the race track’s public address system. She requested assistance from Edward Sonnier, a security guard, in locating a phone where she could take the call. Sonnier was escorting plaintiff down a hallway to the office area when he heard a noise behind him. He turned around, saw that plaintiff had fallen, and immediately helped her up. She was later taken to the race track’s first aid station and treated for her injuries. She was advised by personnel at the first aid station to seek further medical care, and she was taken by a friend to Orange Memorial Hospital in Orange, Texas.
CAUSE-IN-FACT
Plaintiff contends that the trial court committed manifest error in finding that she failed to prove, by a preponderance of the evidence, that any liquid or other foreign material was on the floor of the hallway prior to the accident. In her petition, plaintiff alleged that the accident occurred when she slipped in a puddle of water or some other liquid lying on the floor of the hallway. Plaintiff further alleged that the puddle resulted from overhead pipes leaking onto the floor, or some other cause solely within the control of Delta. Specifically, plaintiff alleged the following acts of negligence on the part of Delta:
(a) allowing the pipes to deteriorate to the point that they leaked;
(b) allowing faulty design or construction of its facility to go uncorrected;
(c) failure to inspect its facilities for such danger;
(d) failure of Edward Sonnier or anyone else to warn her of the presence of the puddle; and, other acts, omissions, or conditions solely under the control of and/or knowledge of Delta.
Plaintiff’s claim is based upon the provisions of LSA-C.C. Articles 2315 and 2316.
The first inquiry in making a determination of liability under these articles is whether any causal relationship exists between the harm suffered by plaintiff and Delta’s alleged negligent conduct. Thus, if plaintiff can show that she probably would not have suffered the injuries complained of but for Delta’s conduct, she has carried her burden of proof relative to cause-in-fact. Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406 (La.1976); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Head v. St. Paul Fire & Marine Ins. Co., 408 So.2d 1174 (La.App. 3 Cir.1982), writ denied, 412 So.2d 99 (La.1982); Wattigny v. Lambert, 408 So.2d 1126 (La.App. 3 Cir.1981), writ denied, 410 So.2d 760 (La.1981).
Edward Sonnier testified that he came upon plaintiff after she had been paged, but was unable to locate a telephone to receive her call. She requested his assistance and he had her follow him. They walked up two flights of stairs and proceeded down a hallway to the office area. Sonnier stated that plaintiff was walking about two or three feet behind him in the hallway, and that they had traveled some fifteen feet, when he heard plaintiff fall. Plaintiff was carrying a cup of beer when the accident occurred, and Sonnier noticed some liquid on the floor after the accident. However, he was unable to tell whether plaintiff had spilled some beer when she fell, or whether the liquid had come from some other source. Sonnier testified that he did not see any *306 liquid on the floor prior to the accident. After the accident, plaintiff failed to indicate to him what she had fallen on. Sonnier stated that there were no exposed pipes in the hallway.
Plaintiff testified that she asked Sonnier for assistance shortly after hearing the page for her. He agreed to show her where to receive her call and she followed him. As she was walking down the hall, her feet slipped out from under her, causing her to fall backwards. Plaintiff stated that she was carrying a cup of beer at this time and implied that she spilled some of it when she fell. A review of plaintiff’s testimony shows that never once did she explain just how she fell or what caused her to fall. She did notice that the floor was covered with white tile which, “... had been buffed real pretty”. However, she never testified that she saw any liquid on the floor prior to the accident.
Raymond L. Farrar, Delta’s Comptroller, testified that there were no exposed pipes in the hallway where plaintiff fell. He was unable to remember whether he had contracted with a plumber to fix any leaking pipes at Delta Downs around the time of the accident.
This was the only evidence presented by plaintiff to show that Delta had engaged in what she alleged to be negligent conduct. In Louisiana tort cases, plaintiff must prove, by a preponderance of the evidence, both the negligence of the defendant and the damages caused by the latter’s fault; the proof need be only by a preponderance of the evidence. This burden of proof may be met by either direct or circumstantial evidence. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when, taking the evidence as a whole, such proof shows that the facts or causation sought to be proved is more probable than not. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971), and authorities cited therein.
It is our opinion that the trial court’s finding, that plaintiff failed to prove that any liquid or other foreign material was on the floor of the hallway prior to the accident, is correct. Having failed to prove that Delta engaged in the conduct alleged to have resulted in her injuries, plaintiff is unable to sustain her burden of proof relative to cause-in-fact.
PRESUMPTION OF NEGLIGENCE
Plaintiff contends that, under Louisiana law, it is well established that in slip and fall cases involving patrons, a store owner has a duty to protect its customers from foreign substances on the floor by taking reasonable protective measures, including periodic inspections, in keeping aisles and floors free of substances that may cause customers to fall. Once plaintiff establishes that a foreign substance was on the floor, and that he slipped and fell on it, the burden shifts to the defendant to go forward with evidence to exculpate itself from a presumption that it was negligent. Plaintiff cites Kavlich v. Kramer, 315 So.2d 282 (La.1975), and Gonzales v. Winn-Dixie, Louisiana, Inc., 326 So.2d 486 (La.1976), in support her contention.
We find no merit in plaintiff’s contention. The alleged presumption arises only after the plaintiff in a particular case has proven that there was a foreign substance on the floor. In the action sub judice, plaintiff has failed to do this.
DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. We note that plaintiffs petition does not name the North-West Insurance Company as a defendant to this action. However, defendants’ answer states that the North-West Insurance Company is erroneously referred to as Mid-Continent Underwriters in plaintiff’s petition. The trial court’s judgment names Delta Downs, Inc., Mid-Continent Underwriters, and the North-West Insurance Company as the defendants in whose favor judgment is being rendered. Plaintiff introduced an insurance policy in evidence, which shows that the North-West Insurance Company provided comprehensive general liability insurance and personal injury liability insurance to Delta Downs, Inc., on the day of the accident.