458 So.2d 594 (1984)
Lynn Richard BRAY, et al., Plaintiff-Appellant,
v.
T.H. ISBELL, et al., Defendant-Appellee.
No. 83-943.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
Rehearing Denied November 26, 1984.
Writ Denied January 7, 1985.
*595 Sandoz, Sandoz & Schiff, Lawrence B. Sandoz, III, Opelousas, for plaintiff-appellant.
William Tracy Barstow, Opelousas, for defendant-appellee.
Before FORET, STOKER and KNOLL, JJ.
KNOLL, Judge.
Plaintiffs, Lynn Richard Bray, his mother, Nina Sue Landry, and his stepfather, Robert R. Landry, appeal from a judgment dismissing their claim for damages against T.H. Isbell, owner of the Sunset Motor Inn, and John Dan Wells, the inn's general maintenance man. Plaintiffs seek damages for injuries Bray suffered when Wells shot him after Bray broke into a vending machine on the premises of the Sunset Inn. The trial court concluded that Bray was 100% at fault and his injuries were damnum absque injuria.
On appeal Bray urges two errors. Since we are affirming, and find that the record supports that Wells used reasonable force under the circumstances, we will address only that assignment of error.
*596 On March 25, 1981, Bray and two companions, Roland Morvant and Terry Fontenot, drove to the Sunset Inn at approximately 11:30 p.m. They parked their car on the service road in front of the inn and, while Fontenot slept in the car, Bray walked to the vending machines at the inn as Morvant waited nearby. Bray broke into a vending machine and stole the coin box. Mrs. Gastineau, the inn's manager, saw Bray and immediately alerted her son, Wells, who was asleep on the couch in her apartment. Wells went to the back door of the apartment and saw Bray breaking into the machine with a tire tool which prompted Wells to obtain his mother's .22 pistol. When he shouted at the intruders, Bray and Morvant ran toward their parked car carrying the money box, a tire tool, and a lug wrench. As Bray and Morvant reached the car, Wells, who was about 20 feet away, asked them to drop their weapons, put their hands up, and go inside the inn so he could call the police. Instead, Bray and Morvant ran past their car, away from Wells. When they were approximately 70-75 yards away, Wells fired three warning shots, one of which struck Bray in the lower back and exited through his stomach. Bray has undergone four surgeries.
Plaintiffs contend that Wells's use of force against Bray was unreasonable under the circumstances. The law is well settled that a plaintiff cannot recover damages for a battery if he is at fault in provoking the difficulty in which he is injured. Neville v. Johnson, 398 So.2d 111 (La.App. 3rd Cir.1981); Levesque v. Saba, 402 So.2d 266 (La.App. 4th Cir.1981); Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969). However even where a person is the aggressor, the person retaliating may use only so much force as is reasonably necessary to repel the attack, and if he goes beyond this, he is liable for damages. Neville, supra. Where a person reasonably believes he is threatened with bodily harm, he may use whatever force appears reasonably necessary to protect against the threatened injury. Byrd v. Isgitt, 338 So.2d 374 (La.App. 3rd Cir.1976); Hesse v. Busby, 379 So.2d 25 (La.App. 3rd Cir.1979), writ denied, 381 So.2d 1234 (1980). Each case is dependent on its own facts. Roberts v. American Employers Ins. Co., Boston, Mass., 221 So.2d 550 (La.App. 3rd Cir. 1969).
Resort to dangerous weapons to repel an attack may be justifiable in cases when the fear of personal danger is genuine and founded on facts likely to produce similar emotions in reasonable men. Neville, supra; Levesque, supra; McCullough v. McAnelly, 248 So.2d 7 (La.App. 1st Cir. 1971). It is only necessary that a person have grounds which lead a reasonable man to believe force is necessary, and that he actually so believes. Although all facts and circumstances must be taken into account to determine the reasonableness of his belief, detached reflection or a pause for consideration cannot be demanded under circumstances which require split second decisions. Levesque, supra.
A reviewing court must give substantial weight to the trier of fact's conclusions, and is obliged to accept reasonable evaluations of credibility and inferences of fact, even if other evaluations and inferences are also reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
In its reasons for judgment, the trial court stated in part:
"... this Court believes the use of force in this matter was reasonable. If the Defendant shot to run these people off so they wouldn't come back, and steal, and/or harm him or his mother; or, if he shot, as the Court believes he did, thinking he was threatened (see evidence about the lugwrench [sic] one was still carrying) by the object in the perpetrator's hand, the Defendant used what the Court believes was reasonable force. This Court still believes and finds that taking all the facts and circumstances together, as they exist in this case, the `reasonable' man would have done what Defendant did in the situation. It is difficult [not] to believe *597 that in hot pursuit of a criminal in near proximity to the crime scene; with a parked car; with one armed with an object in his hand which could be a weapon; and with a pause for consultation, as the perpetrators acted;... this Defendant was justified in shooting."

We find that the record supports the trial judge's determination that Wells used reasonable force under the circumstances. Bond v. Toriello, 260 So.2d 727 (La.App. 4th Cir.1972), writ denied, 262 So.2d 788; Edwards v. Great American Insurance Company, 146 So.2d 260 (La. App. 2nd Cir.1962).
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiffs-appellants.
AFFIRMED.
STOKER, J., dissents.