DOUCET, Judge.
The plaintiffs seek damages for property damage and mental anguish inflicted on them by the defendant, Craig Johnson. They appeal from a judgment rejecting their demands.
At about 11:30 p.m. on December 24, 1980, the plaintiffs left the Purple Peacock Night Club in Eunice, La. after having some drinks. Plaintiff, Anthony Douget, an off-duty Eunice Police Officer, was driving his pickup truck with Abigail Hollier, Gregory Michael Savoy, and Kimberly Guil-lory as passengers. They found the exit to the night club parking lot blocked. Hearing a crash and seeing other cars going in that direction, the plaintiffs drove to the back of the parking lot. There they found that another car had apparently broken a locked gate. The plaintiffs drove through the opening made by the damage to the gate, onto property under the control of the defendant, Craig Johnson, and adjacent to his home. Located in this area, which is owned by the defendant’s father and/or a family corporation, were buildings containing valuable property of the defendant, his family and the family corporation. The plaintiffs followed a faint trail through the area. They arrived at a second gate which was closed with a chain, but not locked. Charles Miller was standing near the gate and directed the plaintiffs in an attempt to turn around and retrace their path. While trying to turn around, the plaintiffs ran into the gate post, a four inch by four inch creosote post slipped into a pipe sleeve which was set in concrete, possibly striking it more than once, and knocked down the entire gate. They backed onto James Street. Charles Miller testified that plaintiff, Anthony Douget, got down to investigate the damage.
The defendant testified that while this was happening, he was asleep in his home. His wife awakened him and told him a truck was on the property. He looked out, saw a truck facing the second gate, and someone in the yard where his father kept antique cars. The truck began to turn around. A man was on the ground directing the driver. The defendant, believing that a burglary was taking place, began to call the police. His wife then reported that the truck was breaking the gate. The defendant gave her the phone, put on his pants and boots, got a .22 repeating rifle, and ran out towards the truck and the street. When he got to the corner of his property, near the street, he saw two people on the ground near the truck. He fired a warning shot in the air and called at the plaintiffs to stop. He saw the two people get back in the truck. Instead of stopping, the plaintiffs accelerated, advancing on the defendant and swerving towards him where he stood 10 to 15 feet from the road. He testified that he believed the truck was trying to run him down. He further testified that as the truck drew even with him, he knew that it would not hit him. He fired twice at the rear tire of the truck in an effort to make the plaintiffs stop. He apparently hit the body of the truck with one shot.
The Eunice Police Department received a call from the defendant’s wife reporting that a truck was on their property and that a burglary was suspected. A short time later a call was received from Anthony Douget. Officers Senegal and Bertrand responded to the Johnson’s call and took the defendant’s report of the incident. Sergeant Moody was dispatched to answer Anthony Douget’s call at the residence of the plaintiff, Abigail Hollier, on Pearl Street. When Sergeant Moody arrived, all the plaintiffs were present. Anthony Douget showed him the bullet hole in the truck. He told Sergeant Moody that he had crossed the Johnson property while in “hot pursuit” of a truck seen crashing first through one gate then the next and had been shot at as he exited the Johnson property. The other plaintiffs corroborated this story. Douget only revealed the true course of events when confronted with the discovery by investigating officers of creosote and a piece of creosote post on the back bumper of his truck.
*66 The plaintiffs brought suit against the defendant for damage to the truck and for mental pain and anxiety. Defendant reconvened. After a trial on the merits, the trial judge denied the claims of the plaintiffs and gave reasons for judgment.
The issue in this case is whether the defendant was justified in shooting at the tires of plaintiffs’ truck as they exited his property, which they had entered illegally.
In assault and battery cases the plaintiff has the same general burden of proof which any plaintiff has in a tort or damage suit. Ogden v. Smith, 344 So.2d 1099 (La.App. 3rd Cir.1977). In a Louisiana tort ease, the plaintiff must prove by a preponderance of the evidence, the negligence of the defendant and the damages caused by the defendant’s fault. Gums v. Delta Downs, Inc., 425 So.2d 303 (La.App. 3rd Cir.1982). The burden then shifts to the defendant to show provocation or justification for his actions. Knuckles v. Beaugh, 392 So.2d 710 (La.App. 3rd Cir. 1980), Ogden v. Smith, supra.
In this case the plaintiff, Anthony Douget, showed damages in the amount of Thirty-Four and 73/ioo ($34.73) Dollars to his pickup truck caused by the action of the defendant. It is less clear whether any ox the plaintiffs incurred psychological damages. There was no expert testimony as to psychological damages. The trial judge was skeptical about damages but did not have to decide the issue, finding no liability. Our assessment of the evidence, considering the fleeting nature of the incident and the serious credibility questions raised by the plaintiffs’ efforts to cover up the incident with a concocted story, later admitted untrue, and the other events of that night, causes us to conclude that there was no proof of mental anguish damages causally related to the conduct of the defendant.
With regard to the defendant’s burden of showing justification, the trial judge applied the rule of Hesse v. Busby, 379 So.2d 25 (La.App. 3rd Cir.1979) writ refused 381 So.2d 1234 (La.1980). That case involved a suit against a man who held four unarmed teenagers at gunpoint and arrested them, in the belief that they were responsible for vandalizing his home and harrassing his family. This court found that Mr. Busby was justified in his behavior, citing Byrd v. Isgitt, 338 So.2d 374 (La.App. 3rd Cir.1976) as authority:
“The general rule is that where a person reasonably believes he is threatened with bodily harm he may use whatever force appears to be reasonably necessary to protect himself. Each case depends on its own facts, such as the relative size, age and strength of the parties, their reputations for violence, the degree of physical harm reasonably feared and the presence or absence of weapons. Roberts v. American Employers Insurance Company, Boston, Mass., La.App., 221 So.2d 550 (3rd Cir.1969).”
This case however, differs from Busby in that Mr. Busby never fired his weapon. The defendant, on the other hand, fired his weapon after he knew that he was no longer “threatened with bodily harm”. Under Louisiana law, a plaintiff cannot recover damages for battery if he provoked the altercation in which he was injured. However, the aggressor may become a victim if the original victim uses excessive violence and unnecessary force to defend himself. Levesque v. Saba, 402 So.2d 266 (La.App. 4th Cir.1981); Willis v. Willis, ‘ 287 So.2d 642 (La.App. 3rd Cir. 1973).
Although the defendant believed that a burglary had taken place or was attempted, and that an attempt was made to kill him, he went beyond the force necessary to protect himself. He shot at the truck after he knew that he was no longer in physical danger. We heartily agree with the trial judge’s finding that the plaintiffs knowingly made an illegal entry on to the defendant’s family property, thereby setting in motion the entire incident. We sympathize with Mr. Johnson’s desire to protect his property and his life. However, under the law, Mr. Johnson became the aggressor through his use of unnecessary *67 force in defending himself. Therefore, he is responsible for any damages inflicted on the plaintiffs.
Mr. Douget received damage to his truck in the amount of $34.73. The record shows, however, that the plaintiffs have not carried their burden of proving any of the psychological damage claimed by each of them as a result of the defendant’s actions.
Accordingly, the judgment of the trial court is reversed with regard to the plaintiff, Anthony Douget, and judgment is rendered in his favor in the amount of $34.73, together with interest from the date of judicial demand. The judgment of the trial court is affirmed as regards plaintiffs Abigail Hollier, Gregory Michael Savoy, and Kimberly Guillory, since no injury to them was shown.
Half the costs of this appeal are to be paid by the defendant. Half the costs of this appeal are to be paid by the plaintiffs.
REVERSED AND RENDERED IN PART: AFFIRMED IN PART.