LABORDE, Judge.
Plaintiff, Lonzell Gardner, filed suit against defendant, John Veazy, seeking monetary damages for injuries he sustained when he was shot by Veazy. The trial court awarded Gardner $50,000 in damages and Veazy appeals. We affirm.
FACTS
John Veazy operates a lounge called “Johnny’s Boneshaker Lounge” (also called “The Clock”) in a section of Lafayette known as “The Block.” Veazy banned Gardner from entering his establishment alleging that Gardner’s brother (a former lounge employee) had stolen liquor from him and that Gardner had injected himself with drugs while in the Boneshaker’s bathroom. On May 21, 1986, Gardner visited Brenda Benjamin at her home. They sat outside talking when Veazy drove up to pick up Brenda’s sister, Connie, “for an evening of entertainment.” Gardner asked Veazy why he could not enter the Boneshaker and the two soon became embroiled in an argument. A scuffle developed and Veazy’s gun was fired three times. One shot struck Gardner under his left shoulder.
AGGRESSOR DOCTRINE
Veazy claims that Gardner provoked the incident and should not be allowed to recover damages for his injuries. He alleges that under the aggressor doctrine, Gardner is barred from recovery.
In Neville v. Johnson, 398 So.2d 111 (La.App. 3d Cir.1981), this court considered a similar situation to the present one. Ne-ville was a patron in Johnson’s bar. Ne-ville was involved in an altercation and Johnson ordered him to leave. The two argued outside and Neville tried to reenter the bar. Johnson then pulled out his gun to “whip him with it.” The gun went off and Neville was shot in the neck. Neville then sued Johnson for damages. In defending his actions, Johnson claimed that Neville should have been precluded from recovering because he was the aggressor. This court acknowledged that rule of law, but stated:
“The rule is established, however, that even where a person is the aggressor, the person retaliating may use only so much force as is reasonably necessary to repel the attack, and if he goes beyond this, he is liable for damages. In determining what force is justified in repelling an attack all facts and circumstances at the scene of the incident must be considered. Resort to the use of a dangerous weapon in order to repel an attack cannot be considered justifiable except in exceptional circumstances where there exists facts which would likely induce similar action by men of reasonable prudence.” (citations omitted).
Id. at 113.
After reviewing the facts of the present case and the rule of Neville, the trial court stated in its “Reasons for Ruling”:
“After considering the testimony, the Court finds the defendant used more force than was necessary under the circumstances. The evidence shows the *122 plaintiff was not armed at the time of the incident and while there was contradicting testimony as to how the altercation began, the Court finds the defendant’s actions were not those of a man of reasonable prudence ...”
The court thus apparently allowed Veazy the benefit of the doubt that Gardner was the aggressor, but still found Veazy’s actions to be unreasonable.[1] After reviewing the record, we conclude that the factual findings of the trial court were not manifestly erroneous. Therefore, we will not disturb those findings on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The judgment of the trial court finding Veazy liable to Gardner for damages in the amount of $50,000[2] is affirmed. Costs of this appeal are taxed to appellant, John Veazy.
AFFIRMED.

. The trial court stated that in determining Gardner's damage award, it considered the fact that his actions helped to create the circumstances leading to his injury (i.e. the court applied the rules of comparative negligence).

. Veazy appealed the damages awarded to Gardner, however, this assignment was not briefed by Veazy. We thus consider this specification of error to be abandoned Prudhomme v. Nationwide Mutual Insurance Co., 465 So.2d 141 (La.App. 3d Cir.), writ denied, 467 So.2d 1132 (La.1985).